DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, City of Lorain, Ohio (the "City"), appeals the Lorain Municipal Court's dismissal of the case pending against Defendant/Appellee, Darrell W. Hodges, for want of prosecution. We affirm.
 {¶ 2} On March 24, 2004, Defendant was cited for two overweight vehicle offenses in violation of Section 339.04 and 339.06 of the Codified Ordinances of the City of Lorain, Ohio. On April 6, 2005, Defendant, through counsel, entered a plea of not guilty and requested discovery and a bill of particulars from the City. On April 27, 2005, the trial court issued a pretrial order, which, among other things, set the trial date and ordered discovery to be exchanged by the parties before the final pretrial on May 2, 2005. The April 27, 2005 order stated that "[f]ailure to comply with any provision of this Order may result in dismissal of the case or the imposition of sanctions."
 {¶ 3} A pretrial was held on May 2, 2005, after which Defendant filed a motion to suppress. The trial court scheduled a hearing on the motion to suppress for June 20, 2005, and a jury trial for June 29, 2005. The trial was thereafter continued and the suppression hearing was never held. After several continuances, the trial was finally scheduled for April 4, 2006.
 {¶ 4} On March 7, 2006, Defendant moved again to continue the trial date citing for his basis: (1) a scheduling conflict; (2) the trial court's failure to conduct a hearing on Defendant's motion to suppress; and (3) the City's failure to respond to Defendant's discovery requests and request for a bill of particulars. The trial court never ruled on Defendant's March 7, 2006 motion and the case proceeded to trial on April 4, 2006. Thereafter, on April 4, 2006, the trial court dismissed the case for want of prosecution, citing the City's failure to appear at trial and failure to provide discovery to Defendant ("Judgment Entry"). It is from the Judgment Entry that the City timely appeals raising four assignments of error.
 Assignment of Error No. 1 "The trial court abused its discretion in dismissing the underlying case for failing to appear when the prosecution was in fact present and neither the Defendant nor his counsel were present on April 4, 2006, said dismissal being against the manifest weight of the evidence."
 Assignment of Error No. 3 "The trial court abused its discretion in dismissing the underlying case when the court was not prepared to conduct a jury trial on April 4, 2006."
 {¶ 5} The City asserts, without citation to the record, that it was present on April 4, 2006, and ready for trial, but the trial court was not ready for trial because there was not a jury present or available to hear the case. Accordingly, the City argues that the trial court's dismissal of the case was against the manifest weight of the evidence and/or an abuse of discretion. We disagree.
 {¶ 6} An appellant has the burden on appeal. See App.R. 16(A)(7); Loc.R. 7(B)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v.Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. See also, App.R. 16(A)(7); Loc.R. 7(B)(7). Moreover, pursuant to App.R. 9(B) and Loc.R. 5(A), an appellant bears the burden to ensure that the record necessary to determine the appeal is before the appellate court. State v.McCowan, 9th Dist. No. 02CA008124, 2003-Ohio-1797, at ¶ 6, citingState v. Williams (1995), 73 Ohio St.3d 153, 160, 652 N.E.2d 721. If the record is incomplete, an appellate court "must presume that the trial court acted with regularity and with sufficient evidence to support its findings." McCowan at ¶ 6, citing State v. Miller (June 7, 2000), 9th Dist. No. 19810.
 {¶ 7} There has been no argument that the record is incomplete. There simply is nothing in the record to establish that the City prosecutor was present on April 4, 2006, and ready to proceed to trial. Nor is there anything in the record to establish that there was not a jury present and/or available to hear the case on April 4, 2006. "In order to reverse a trial court on appeal, the error must affirmatively appear on the record, and it is the appellant's burden to show the alleged error."State v. Iacovone (July 16, 1997), 9th Dist. No. 96CA0060, at *5, citingMakranczy v. Gelfand (1924), 109 Ohio St. 325, 331, 142 N.E. 688. Moreover, an appellate court cannot consider new matters that were not part of the trial court's proceedings and then decide the appeal on the basis of the new matter. State v. Ishmail (1978), 54 Ohio St.2d 402,405-06, 377 N.E.2d 500. Thus, the City prosecutor's assertions that he was present and ready for trial, when the trial court was not, cannot be considered by this court.
 {¶ 8} A trial court can only speak through its journal entries. Without any evidence in the record to the contrary, we must presume the trial court's determination that the City was not present and ready for trial on April 4, 2006 is correct. Kaine v. Marion Prison Warden (2000),88 Ohio St.3d 454, 455, 727 N.E.2d 907 (acknowledging the long-standing rule that courts speak only through their journal entries). We must further presume that the trial court was ready to hear the case as scheduled. The City's first and third assignments of error are overruled.
 Assignment of Error No. 2 "The trial court abused its discretion in dismissing the underlying case when it was required to continue the jury trial on April 4, 2006 pursuant to Sup.R. 41(B)."
 {¶ 9} The city asserts that instead of dismissing the case on April 4, 2006, the trial court was required to grant Defendant's March 7, 2006 motion for continuance. We disagree.
 {¶ 10} Initially we note that the trial court never ruled on Defendant's March 7, 2006 motion for continuance. Thus, the City is attempting to assign error to the trial court's failure to rule on another party's motion, to which the City did not even respond, as a basis for its argument that the dismissal of the case was erroneous. Moreover, the Judgment Entry does not base its decision to dismiss upon the absence of defense counsel at trial.
 {¶ 11} Without even reaching the question of whether the City has standing to assign such an error, the Court has previously held that "when a trial court fails to rule upon a [pretrial] motion, it will be presumed that it was overruled." Franco v. Kemppel Homes, Inc., 9th Dist. No. 21769, 2004-Ohio-2663, at FN4, citing Georgeoff v.O'Brien (1995), 105 Ohio App.3d 373, 378, 663 N.E.2d 1348. Thus, "the trial court's failure to rule on [Defendant's] motion in this case constituted a denial of the motion." Franco, at FN4.
 {¶ 12} "The decision to grant or deny a continuance rests within the sound discretion of the trial court." State v. Barnhardt, 9th Dist. No. 05CA008706, 2006-Ohio-4531, at ¶ 21, citing Ungar v. Sarafite (1964),376 U.S. 575, 589, 84 S.Ct. 841. An abuse of that discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 "When reviewing a motion for continuance, a court should consider the following factors: "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Barnhardt, at ¶ 22, quoting State v. Unger
(1981), 67 Ohio St.2d, 65, 67-68, 423 N.E.2d 1078.
 {¶ 13} Here, there is evidence in the record of the trial being continued upon defense motions four times before ultimately being heard on April 4, 2006. Applying the abuse of discretion standard, we find this to be a sufficient basis for the trial court to allow this matter to proceed to trial thereby impliedly denying Defendant's motion for continuance.
 {¶ 14} The City's second assignment of error is overruled.
 Assignment of Error No. 4 "The trial court abused its discretion in dismissing the underlying case for failure to provide discovery when the State had provided the discovery; no motion to compel discovery had been filed by [Defendant]; the [c]ourt did not provide notice that it intended to dismiss the case for failure to provide discovery; and the court did not conduct a hearing on its dismissal."
 {¶ 15} The City asserts that the trial court abused its discretion by basing its decision to dismiss the action upon the City's failure to comply with discovery requests. Given our decision related to the City's first, second and third assignments of error finding the trial court's dismissal for want of prosecution proper, the City's fourth assignment of error is moot and is thereby overruled.
 {¶ 16} Each of Appellant's assignments of error is overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
CARR, J.
MOORE, J.
CONCUR