[Cite as *Yoder v. Blake*, 2012-Ohio-861.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

KIMBERLY YODER, ET AL.

    Appellants

    v.

DAVID A. BLAKE, ET AL.

    Appellees

C.A. No.     10CA0110-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    07 CIV 1960

DECISION AND JOURNAL ENTRY

Dated: March 5, 2012

---

BELFANCE, Presiding Judge.

{¶1}    Plaintiff-Appellant Kimberly Yoder, fka Kimberly Kaufman, individually, and as mother of Dylan Kaufman and Derek Kaufman, and Third-Party Defendant-Appellant Dustin Kaufman (collectively "Appellants") appeal rulings of the Medina County Court of Common Pleas. For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2}    On February 17, 2007, a vehicle driven by Dustin Kaufman collided with a tractor/trailer driven by Defendant David Blake during the course of his employment with Defendant D. Blake Trucking, LLC. ("D. Blake Trucking"). Ms. Yoder, Dylan and Derek Kaufman, Larry Kaufman (Ms. Yoder's husband), and Alice (Ms. Yoder's mother) and Donald Schneider (Alice Schneider's husband) were passengers in the vehicle driven by Dustin Kaufman. As a result of the accident, both Alice Schneider and Larry Kaufman were killed. The other individuals in the vehicle suffered substantial injuries.

{¶3} In November 2007, Kelli Thomas, as Administratrix of the Estate of Alice Schneider, Ms. Yoder, individually, as mother of Derek and Dylan Kaufman, and as Administratrix of the Estate of Larry Kaufman, and Donald Schneider filed an eleven-count complaint against Mr. Blake, D. Blake Trucking, Westfield National Insurance ("Westfield"), Nationwide Mutual Insurance, doing business as Nationwide Health Plans ("Nationwide"), and Holmes County Farm Bureau, Inc. With respect to Nationwide, the Plaintiffs asserted that Nationwide might claim contractual rights of subrogation and/or reimbursement to damages or insurance benefits received from Mr. Blake, D. Blake Trucking, and/or Westfield. The Plaintiffs asserted that Nationwide was not entitled to any rights of subrogation and/or reimbursement and they sought a declaration stating the same.

{¶4} On December 28, 2007, Plaintiffs filed a notice of voluntary dismissal of Defendant Holmes County Farm Bureau, Inc. Nationwide failed to file an answer, and Plaintiffs moved for default judgment against it. The trial court granted the Plaintiffs' motion and declared that Nationwide "is not entitled to any right of subrogation or any right of reimbursement in any insurance benefits or damages recovered from the other defendants in this case." The trial court did not include a Civ.R. 54(B) certification in its entry.

{¶5} When Mr. Blake and D. Blake Trucking answered, they additionally asserted a third party claim against Dustin Kaufman. Subsequently, inter alia, Dustin Kaufman asserted a cross-claim against Nationwide. Additional cross-claims and counterclaims were filed between the parties which are not relevant for the resolution of this appeal.

{¶6} On April 29, 2008, Nationwide filed a motion to vacate the default judgment, in part, pursuant to Civ.R. 60(B). On November 21, 2008, Nationwide's motion to vacate was granted. The trial court did not include Civ.R. 54(B) certification in its entry. Nationwide

subsequently submitted an answer and cross-claims in response to the complaint. In its cross-claims, Nationwide asserted it was entitled to subrogation.

{¶7} Nationwide filed a motion for summary judgment to enforce its subrogation and reimbursement provision against the Kaufmans' recovery. Nationwide sought summary judgment based upon a policy attached to its motion. Plaintiffs and Dustin Kaufman also filed a motion for summary judgment against Nationwide based upon the subrogation issue. Plaintiffs and Dustin Kaufman sought summary judgment based upon an entirely different subrogation provision attached to Nationwide's answer and cross-claim. In March 2009, the parties entered into a stipulation and agreed judgment entry which was filed in May 2009 and discussed a settlement that was reached concerning a number of claims. The entry provided that Nationwide alleged it had a subrogation right in the amount of $70,794.64, which was agreed would be placed in an IOLTA account pending resolution of the issue. In light of the settlement, a judgment entry of partial dismissal was filed. In addition, Plaintiffs and Dustin Kaufman filed a motion to strike Nationwide's exhibits accompanying the affidavit it submitted in support of its motion for summary judgment. Plaintiffs and Dustin Kaufman appeared to assert that the subrogation provision and policy accompanying the affidavit could not be considered and instead the subrogation provision accompanying Nationwide's cross-claim was the proper provision to be considered. Further, Plaintiffs and Dustin Kaufman argued that the medical billing exhibits were improper summary judgment evidence. Thereafter, the trial court granted Nationwide's motion for summary judgment, denied the Plaintiffs' motion and concluded that Nationwide "is subrogated to the extent of the medical expenses paid to the Kaufmans by Nationwide." The entry did not include a Civ.R. 54(B) certification. While the trial court did not specifically rule

on Plaintiffs' motion to strike, the subrogation provision considered by the trial court was not the one objected to by the Plaintiffs.

{¶8}  The Plaintiffs and Dustin Kaufman filed a notice of appeal.  This Court dismissed the attempted appeal concluding claims remained pending in the trial court.  The trial court then issued an entry stating that "all claims between all parties are dismissed, with prejudice, at the cost of the Defendants [Mr. Blake] and D. Blake Trucking, LLC through August 31, 2009, except for the sole remaining claim between Nationwide and the Kaufmans regarding the entitlement to the $70,794.64 being held in the IOLTA account * * *."  In addition the trial court again stated that summary judgment was granted to Nationwide, that Nationwide was "subrogated to the extent of the medical expenses paid to the Kaufmans by Nationwide[,]" and that the Plaintiffs' motion was denied.  The trial court included Civ.R. 54(B) certification. Subsequent to oral argument, this Court remanded the matter to the trial court to clarify its entry. Thereafter, the trial court issued an entry reciting much of the previous entry and additionally stating that "judgment is hereby entered in favor of the Defendant Nationwide Mutual Insurance Company dba Nationwide Health Plan in the amount of $70,794.64."

{¶9}  The Appellants have raised three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFFS-APPELLANTS, KIM KAUFMAN, INDIVIDUALLY, AS ADMINISTRATRIX OF THE ESTATE OF LARRY KAUFMAN AND AS NEXT FRIEND OF DYLAN KAUFMAN AND DEREK KAUFMAN, BY VACATING THE DEFAULT JUDGMENT AGAINST THE DEFENDANT-APPELLEE, NATIONWIDE MUTUAL INSURANCE COMPANY DBA NATIONWIDE HEALTH PLANS.

{¶10} In their first assignment of error, Appellants assert that the trial court erred in vacating the default judgment against Nationwide.

{¶11} After Nationwide failed to answer the complaint, on January 18, 2008, the Plaintiffs filed a motion for default judgment. On March 25, 2008, the trial court entered default judgment against Nationwide. The judgment granting default does not include Civ.R. 54(B) language. Nationwide moved to vacate the default judgment on April 29, 2008. It appears from the record that the trial court heard oral argument on the motion; however, transcripts of those proceedings are not included in this record on appeal. On November 21, 2008, the trial court issued an entry concluding that Nationwide's "Motion to Vacate the default judgment granted March 25, 2008 is GRANTED." The trial court provided no further discussion of its decision and did not include Civ.R. 54(B) language.

{¶12} Nationwide raised several grounds for relief in its motion to vacate the default judgment including lack of subject matter jurisdiction because of inappropriate venue, failure of the trial court to interpret the contract involved in the declaratory judgment action, and for excusable neglect under Civ.R. 60(B).

{¶13} The parties focus on Civ.R. 60(B) and argue that the trial court granted relief pursuant to it. Yet, there is nothing in the trial court's entry to suggest its basis for granting relief. Moreover, as there was no final judgment before the trial court to vacate due to the absence of Civ.R. 54(B) language in the trial court's entry granting the default, Nationwide's motion to vacate the default judgment was more properly considered as a motion for reconsideration. *See Jarrett v. Dayton Osteopathic Hosp., Inc.,* 20 Ohio St.3d 77, 78 (1985) (concluding that "Because the judgment entry against [the defendant] did not adjudicate the liabilities of all the parties and it did not contain the Civ.R. 54(B) words of 'no just reason for

delay,' it was subject to modification. [The defendant's] motion for relief was improperly labeled a Civ.R. 60(B) motion because it did not seek relief from a final judgment. The motion and the trial court's order vacating the judgment were instead authorized by Civ.R. 54(B)."); *Akin v. Akin*, 9th Dist. Nos. 25524, 25543, 2011-Ohio-2765, ¶ 10; *Caroll v. Dairy Farmers of Am., Inc.,* 3rd Dist. No. 2-04-24, 2005-Ohio-671, ¶ 13; *Beck-Durell Creative Dept., Inc. v. Imaging Power, Inc.,* 10th Dist. No. 02AP-281, 2002-Ohio-5908, ¶ 7-9; *Baker v. Schuler*, 2nd Dist. No. 02CA0020, 2002-Ohio-5386, ¶ 16-24;   Given the state of record and proceedings, it is not unreasonable to conclude the trial court considered it as such.

{¶14}  Therefore, as Nationwide's motion was in actuality seeking reconsideration of a non-final entry, it did not have to satisfy the requirements necessary to establish entitlement to relief pursuant to Civ.R. 60(B).  "[A] trial court has plenary power in entertaining a motion for reconsideration prior to entering a final judgment * * * ."  (Internal quotations and citation omitted.)  *Akin* at ¶ 11.  Thus, a "trial court's determination of a motion for reconsideration will not be disturbed on appeal absent an abuse of discretion."  *Spano Bros. Constr. Co., Inc. v. Adolph Johnson & Son Co.,* 9th Dist. No. 23405, 2007-Ohio-1427, ¶ 21.  An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable."  (Internal quotations and citations omitted.)  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶15}  In the instant matter, Nationwide provided debatably reasonable arguments why the trial court should vacate the default judgment.  As a reviewing court applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court.  *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).  Moreover, given the absence of the transcript of the oral hearing on Nationwide's motion to vacate, we are required to presume regularity in the proceedings below.  *See Bowers v. Craven*, 9th Dist. No. 24422, 2009-Ohio-2222, ¶ 12-14.

Accordingly, we cannot say the trial court abused its discretion in granting Nationwide's motion to vacate. Appellants' first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFFS-APPELLANTS, KIM KAUFMAN, INDIVIDUALLY, AS ADMINISTRATRIX OF THE ESTATE OF LARRY KAUFMAN AND AS NEXT FRIEND OF DYLAN KAUFMAN, DEREK KAUFMAN AND THIRD-PARTY DEFENDANT, DUSTIN KAUFMAN, BY GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT-APPELLEE, NATIONWIDE MUTUAL INSURANCE COMPANY DBA NATIONWIDE HEALTH PLANS.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFFS-APPELLANTS, KIM KAUFMAN, INDIVIDUALLY, AS ADMINISTRATRIX OF THE ESTATE OF LARRY KAUFMAN AND AS NEXT FRIEND OF DYLAN KAUFMAN, DEREK KAUFMAN AND THE THIRD-PARTY DEFENDANT DUSTIN KAUFMAN, BY NOT GRANTING SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFFS-APPELLANTS, KIM KAUFMAN, INDIVIDUALLY, AS ADMINISTRATRIX OF THE ESTATE OF LARRY KAUFMAN AND AS NEXT FRIEND OF DYLAN KAUFMAN, DEREK KAUFMAN AND THE THIRD-PARTY DEFENDANT, DUSTIN KAUFMAN.

{¶16} Appellants assert in their second and third assignments of error that the trial court erred by granting summary judgment to Nationwide and by not granting summary judgment to them.

{¶17} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶18}  Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

> No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).  To succeed on a summary judgment motion, the movant "bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case."  (Emphasis sic.) *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  If the movant satisfies this burden, the non-moving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 293, quoting Civ.R. 56(E).

{¶19}  We begin by noting that Appellants spend a great deal of time asserting that the insurance policy and the subrogation provision included therein which accompanied Nationwide's motion for summary judgment could not be properly considered.  However, we are unsure why Appellants devote so much time to these assertions,[1] since it is obvious that the trial court explicitly only considered the subrogation provision the Appellants seem to believe to be the correct one.  As it does not appear the trial court considered the allegedly improper summary judgment evidence, we fail to discern how Appellants have been prejudiced, and therefore disregard this argument.

{¶20}  This Court finds this matter to be very procedurally problematic.  When Nationwide filed its cross-claim it stated that it "is entitled to be reimbursed in full from any recovery which Plaintiff[s] should make in this matter.  See [c]opy of plan subrogation provision attached as Exhibit 1."  Attached to the cross-claim as Exhibit 1 is a single-page, undated

---

[1] We note that essentially Appellants' brief is a replica of Plaintiffs' motion to strike filed in the trial court.

document entitled "SECTION 16[,] SUBROGATION[.]" Notably, several words in the subrogation provision begin with capital letters, (i.e. "Our[,]" "You[,]" "Benefit[,]" "Condition") implying that they have a particular meaning. No definitions were included with the provision. Further, there is nothing in the exhibit to tie the provision to Nationwide, the Holmes County Farm Bureau (whom Nationwide asserts it is a claims administrator and insurer for), or the Kaufmans.

{¶21} At a later stage in the proceedings, Nationwide filed its motion for summary judgment and did not attach the subrogation provision that was in its cross-claim. Instead it sought summary judgment based upon an entirely different subrogation provision. Nationwide submitted the provision and the policy that goes with that provision via an affidavit incorporating the documents. Additionally, the affidavit averred that the attached policy was the policy in effect at the time of the accident. Appellants, on the other hand, moved for summary judgment based upon the subrogation provision attached to the cross-claim. Additionally, Appellants moved to strike the documents attached to the affidavit accompanying Nationwide's motion for summary judgment. Appellants argued that the policy Nationwide submitted with its motion for summary judgment was expired at the time of the accident based upon the anniversary date listed in the policy. Appellants did not submit additional evidentiary materials to support their proposition or submit what they contended was the applicable policy.

{¶22} The trial court did not explicitly rule on Appellants' motion to strike; therefore, under normal circumstances, this Court would presume the trial court overruled the motion. *See Lorain v. Hodges*, 9th Dist. No. 06CA008920, 2007-Ohio-456, ¶ 11. However, it is unclear whether the trial court found merit to Appellants' motion, as in its entry granting summary

judgment in favor of Nationwide, the trial court only considered the subrogation provision attached to the cross-claim, to which there was no objection.

{¶23} Thereafter, the trial court granted summary judgment to Nationwide based upon the subrogation provision that had been attached to Nationwide's cross-claim. Notwithstanding the fact that Nationwide did not even assert it was entitled to relief in its summary judgment motion based upon the provision attached to its cross-claim, the trial court granted Nationwide relief upon a basis not asserted by Nationwide in its summary judgment motion. *See Smith v. Ray Esser & Sons, Inc.*, 9th Dist. No. 10CA009798, 2011-Ohio-1529, ¶ 14 (stating that "it is reversible error to award summary judgment on grounds not specified in the motion for summary judgment[]"). (Internal quotations and citations omitted.) In addition, relief was granted (as well as denied to Appellants) based upon an unauthenticated single-page document. Notably, neither side cited to evidentiary materials which even suggest that the subrogation provision attached to the cross-claim was, or was not, part of the policy that covered the Kaufmans during the time of the accident.

{¶24} It is clear that both sides believe that Nationwide's entitlement, or lack thereof, to subrogation depends first on a determination of whether its contractual relationship with the Kaufmans under an insurance policy prevents application of equitable subrogation principles. *See Pilkington N. Am., Inc. v. Travelers Cas. & Sur. Co.*, 112 Ohio St.3d 482, 2006-Ohio-6551, ¶ 23 (noting an insurance policy is a contract between the insurer and the insured). Said more simply, the parties ask us to determine whether conventional or contractual subrogation bars application of equitable subrogation principles. *See generally N. Buckeye Edn. Council Group Health Benefits Plan v. Lawson,* 103 Ohio St.3d 188, 2004-Ohio-4886, ¶ 10. Although Appellants claimed the trial court erred in denying their motion for summary judgment, they

have not pointed to evidentiary materials indicating that the subrogation provision interpreted by the trial court is part of a policy between Nationwide and the Kaufmans or that that provision was part of the policy in effect at the time of the accident. Nor have they pointed to evidentiary materials, such as the complete policy, which would give a court the tools necessary to interpret the subrogation provision. Further, as the trial court did not consider the subrogation provision that Nationwide asserted entitled it to summary judgment, we decline to do so in the first instance. *Allstate Ins. Co. v. Smeltzer,* 9th Dist. No. 25136, 2011-Ohio-2632, ¶ 15. Moreover, there is no cross-assignment of error before us asserting that the trial court considered the wrong policy and subrogation provision. Accordingly, we fail to see how either side met its summary judgment burden and demonstrated entitlement to a declaration that Nationwide was or was not subrogated.

{¶25} In light of the foregoing, we affirm the trial court's denial of summary judgment to Appellants and reverse the trial court's grant of summary judgment to Nationwide. Therefore, we sustain Appellants' second assignment of error and overrule their first assignment of error, albeit upon a different basis than that asserted by the Appellants.

III.

{¶26} This Court overrules Appellants' first and third assignments of error and sustains their second assignment of error. The judgment of the Medina County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

EVE V. BELFANCE
FOR THE COURT

MOORE, J.
CONCURS

CARR, J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

TIMOTHY H. HANNA, Attorney at Law, for Appellants.

DARAN P. KIEFER, Attorney at Law, for Appellees.