[Cite as *Praetorium Secured Fund I, L.P. v. Keehan Tennessee Invests., L.L.C.*, 2016-Ohio-8391.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| | |
|---|---|
| PRAETORIUM SECURED FUND I, L.P. | C.A. No.    15CA010757 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KEEHAN TENNESSEE INVESTMENTS, LLC, et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO CASE No.    14 CV 183506 |
| Appellees | |

DECISION AND JOURNAL ENTRY

Dated: December 27 , 2016

CANNON, Judge.

{¶1}    Appellant, Praetorium Secured Fund I, L.P. ("Praetorium"), appeals from the judgment of the Lorain County Court of Common Pleas granting a motion to vacate a judgment on a cognovit note, pursuant to Civ.R. 60(B)(5), filed by appellees, David Keehan; Durham Ridge Investments, LLC ("Durham Ridge"); Westlake Briar, LLC ("Westlake Briar"); 951 Realty Ltd. ("951 Realty"); Keehan Trust Funding, LLC ("Keehan Trust"); and Keehan Tennessee Investment, LLC.  Based on the following, we reverse and remand the matter for proceedings consistent with this opinion.

I.

{¶2} This case stems from the alleged breach of certain loan commitments related to a multi-million dollar development project in Tennessee ("the Project").[1] The Project included the development of a championship golf course and upscale residential community on 170 acres.

{¶3} Although the Project began in 2008, Praetorium did not become involved with the Project until 2014 when appellees sought financing from Praetorium to satisfy its financial obligations. In order to approve the requested financing, Praetorium required and obtained a cognovit promissory note and a personal cognovit guarantee (collectively referred to as the "Note") from David Keehan. Cognovit guarantees were also executed in favor of Praetorium by Appellees Durham Ridge, Westlake Briar, 951 Realty, Keehan Trust, and Keehan Tennessee.

{¶4} The Note at issue states, in pertinent part:

**(d) WAIVER OF JURY TRIAL: BORROWER AND THE LENDER ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL ONE, BUT THAT IT MAY BE WAIVED. EACH PARTY, AFTER CONSULTING (OR HAVING HAD THE OPPORTUNITY TO CONSULT) WITH COUNSEL OF THEIR CHOICE, KNOWINGLY AND VOLUNTARILY, AND FOR THEIR MUTUAL BENEFIT, WAIVES ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION REGARDING THE PERFORMANCE OR ENFORCEMENT, OR IN ANY WAY RELATED TO, THIS NOTE OR THE INDEBTEDNESS.**

**CONFESSION OF JUDGMENT. BORROWER HEREBY AUTHORIZES ANY ATTORNEY-AT-LAW TO APPEAR IN ANY COURT OF RECORD IN ANY COUNTY IN THE STATE OF OHIO OR ELSEWHERE WHERE BORROWER HAS A PLACE OF BUSINESS, SIGNED THIS NOTE OR CAN BE FOUND, AFTER LENDER DECLARES A DEFAULT AND ACCELERATES THE BALANCES DUE UNDER THIS NOTE, TO WAIVE THE ISSUANCE OF SERVICE OF PROCESS AND CONFESS JUDGMENT AGAINST BORROWER IN FAVOR OF LENDER FOR THE AMOUNT THEN APPEARING DUE, TOGETHER WITH THE COSTS OF SUIT, AND THEREUPON TO RELEASE ALL ERRORS AND**

---

[1] For a factual background, see *Keehan Tennessee Invest., LLC v. Praetorium Secured Fund I,. L.P.*, 9th Dist. Lorain No. 15CA010800, 2016-Ohio-____.

WAIVES ALL RIGHTS OF APPEAL AND STAYS OF EXECUTION. BORROWER AGREES AND CONSENTS THE ATTORNEY CONFESSING JUDGMENT ON BEHALF OF BORROWER HEREUNDER MAY ALSO BE COUNSEL TO LENDER OR ANY OF ITS AFFILIATES, WAIVES ANY CONFLICT OF INTEREST WHICH MIGHT OTHERWISE ARISE, AND CONSENTS TO LENDER PAYING SUCH CONFESSING ATTORNEY A LEGAL FEE OR ALLOWING SUCH ATTORNEY'S FEES TO BE PAID FROM ANY PROCEEDS OF COLLECTION OF AGREEMENT OR COLLATERAL SECURITY THEREFOR.

{¶5} No payments were made on the Note, and default occurred on April 11, 2014. Praetorium filed a "complaint on cognovit promissory note and cognovit guaranty agreements" in the Lorain County Court of Common Pleas. Appellees filed an "answer confessing judgment on the complaint on cognovit promissory note and cognovit guarantee agreements." Praetorium obtained judgment against appellees, jointly and severally, in the sum of $3,516,711.11, plus interest.

{¶6} Thereafter, appellees filed a motion to vacate the judgment, pursuant to Civ.R. 60(B)(5). Praetorium filed a brief in opposition.

{¶7} In the motion to vacate, appellees presented three defenses: (1) error in the amount of the underlying judgment; (2) economic duress; and (3) abatement. In issuing its order, the trial court found that "Defendants have raised meritorious defenses that justify relief from judgment." Appellees motion was granted, and the entire judgment was vacated.

{¶8} All proceedings were stayed pending this appeal.

**Cognovit Notes and Civ.R. 60(B)**

{¶9} Notes with the cognovit feature are expressly permitted by Ohio law in a commercial transaction, as set forth in R.C. 2323.12—2323.14. "The purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of a trial." *Masters Tuxedo Charleston, Inc. v. Krainock*, 7th Dist. Mahoning No. 02 CA 80, 2002-Ohio-

5235, ¶6. "By signing a cognovit note, a debtor relinquishes the possibility of notice, hearing or appearance at an action to collect in the event of non-repayment. * * * To accomplish this, cognovit notes are accompanied by a warrant of attorney by which the debtor provides for the waiver of the prejudgment notice and hearing requirements." *Id.* The debtor may pursue redress by filing a Civ.R. 60(B) motion, if the debtor disputes a cognovit judgment entered against him. *Id.* at ¶7.

{¶10} The test outlined in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976) has been modified where a debtor challenges a cognovit judgment. *See Huntington Natl. Bank v. Royal Mt. Sterling Corp.*, 10th Dist. Franklin No. 12AP-174, 2012-Ohio-4514, ¶13; *Lewandowski v. Donohue Intelligraphics, Inc.*, 93 Ohio App.3d 430, 433 (9th Dist.1994). "A Civ.R. 60(B) movant that challenges a cognovit judgment need only satisfy the first and third prongs of *GTE*, i.e., the movant need only allege a meritorious defense and file a timely motion." *Huntington*, *supra*, at ¶13.

{¶11} It is undisputed that the motion to vacate was filed in a timely manner. Thus, the only issue for consideration is whether appellees alleged a meritorious defense. This court has stated, "[w]hen a motion for relief from judgment of a cognovit note 'is pursued in a timely manner and in light of a proper allegation of a meritorious defense, any doubt should be resolved in favor of setting aside the judgment so that the case may be decided on the merits.'" *Waldman Fin. v. Digital Color Imaging, Inc.*, 9th Dist. Summit No. 23101, 2006-Ohio-4077, ¶9.

{¶12} Defenses available to a cognovit judgment debtor seeking Civ.R. 60(B) relief include non-default; "improper conduct in obtaining the debtor's signature on the note; deviation from proper procedures in confessing judgment on the note; and miscalculation of the amount

remaining due on the note at the time of confession of judgment." *First Natl. Bank of Pandora v. Freed*, 3d Dist. Hancock No. 5-03-36, 2004-Ohio-3554, ¶9.

{¶13} As Praetorium's first, second, and third assignments of error relate to appellees' first alleged meritorious defense, i.e., a dispute in the amount of the underlying judgment, we address them in a consolidated analysis.

II.

**First, Second, and Third Assignments of Error**

**[1.] The trial court abused its discretion in granting appellees' motion to vacate because appellees failed to demonstrate that the amount owed on the cognovit notes is in dispute, when Praetorium disbursed the entire principal sum.**

**[2.] The trial court abused its discretion in granting appellees' motion to vacate because appellees failed to demonstrate that the amount owed on the cognovit notes cannot be ascertained from the face of the cognovit notes.**

**[3.] Even if there is a dispute as to the amount appellees owe Praetorium pursuant to the cognovit notes, the trial court abused its discretion when it vacated the entire judgment.**

{¶14} Praetorium argues the trial court abused its discretion in vacating the cognovit judgment. Praetorium alleges the amount due under the note was undisputed and the Note facially provided the amount owed by appellees. Praetorium asserts, even if there is a dispute as to the amount owed, the trial court abused its discretion in vacating the entire judgment.

{¶15} As to the amount of the underlying judgment, appellees presented two arguments below. First, appellees maintained there is a dispute on the underlying amount owed on the Note because Praetorium failed to make all of the required loan disbursements. Second, appellees argued the Note failed to sufficiently describe the amount due, as it referenced other documents.

{¶16} We first address appellees' argument that the cognovit note was facially insufficient to support a cognovit judgment. To rebut this argument, Praetorium referenced the

plain language of the Note. The Note specifically provides that appellees were loaned "the principal sum of $2,995,000, with interest thereon as forth herein." Section 1 of the Note, the interest provision, provides:

> 1(a): <u>Interest</u>: Interest shall accrue at a rate of fifteen percent (15%) per annum until paid in full. The interest rate applicable during a given period of time shall be referred to herein as the 'Note Rate.' Interest shall be computed on the basis of a 360-day year comprised of twelve 30-day months, and shall be payable in arrears. Borrower acknowledges that interest shall accrue by applying the Note Rate to the sum of (x) the principal sum of $2,995,000, and (y) any additional sums (including but not limited to interest) that become due by operation of the Loan Documents. Interest shall be compounded monthly.
>
> * * *
>
> (c) <u>Default Interest:</u> While any Event of Default exists, the Loan shall bear interest at the Default Rate (defined below.) * * * The "Default Rate" shall be the Note Rate plus five percent (5%) per annum.

{¶17} Additionally, Section 2 of the Note, governing repayment and prepayment, provides, in part: "(c) <u>Prepayment</u>. Borrower may prepay interest or principal on this Note at any time in any amount; provided, however, that Lender shall be entitled to * * * $448,500 in interest for the first twelve month term of the Loan, notwithstanding that the Note is paid in full or in part on or before the one year anniversary of the execution date of the note."

{¶18} We find, therefore, the amount of the cognovit note can be calculated from its face. It does not require reference to any outside extrinsic information. The terms of the cognovit note explicitly set forth the payment schedule, interest payments, and default penalties to support judgment on the note. *See Orange City Golf Club, LLC v. MCGC Golf, LLC,* 2d Dist. Montgomery No. 24865, 2012-Ohio-2415, ¶14.

{¶19} We next address appellees' contention that the judgment must be vacated because all or part of the amount shown on the cognovit note is not owed. Appellees allege that

Praetorium failed to make all of the required loan disbursements. Appellees presented the affidavit of Donald Keehan, Jr., which stated, in part:

> The Loan Agreement describes, in detail, to whom the principal amount of the Praetorium loan proceeds were to be disbursed. Many of the disbursements required by the Loan Agreement were not made. Therefore, although the principal amount shown on the Praetorium promissory note was $2,995,000.00, significantly less funds were provided.

{¶20} Mr. Keehan then specifies the following loan disbursements were not made: $97,000 to Praetorium; $528,000 to Guardian Capital Advisors; $103,000 to Guardian Capital Advisors; $63,000 to Praetorium; and $35,000 to Guardian Capital Advisors.

{¶21} In its response, Praetorium maintained that appellees borrowed $2,995,000, but part of that amount included fees associated with acquiring the loan. While appellees did not "net" the entire amount, they were responsible for the entire principal amount. Praetorium attached a Refinance Summary, which revealed that an escrow was established by a title company to distribute the funds, fees were charged for the escrow, and the proceeds from the loan were distributed.

{¶22} We recognize that an alleged dispute regarding the amount owed under the cognovit note can be the basis for a meritorious defense to a cognovit note judgment. And, because there is a dispute as to whether the required disbursements were made, any doubt should be resolved in favor of setting aside the judgment so that the case may be decided on the merits. We do, however, find the trial court abused its discretion in vacating the portion of the judgment related to the amount due that was not in dispute. Here, there is no dispute as to liability, only a dispute as to the amount owed to Praetorium. Because of this, the trial court should have granted appellees' Civ.R. 60(B) motion to the extent necessary to take evidence with respect to the

amount due under the note. *See Sadraoui v. Hersi*, 10th Dist. Franklin No. 10AP-849, 2011-Ohio-3160, ¶16-18.

{¶23} As such, Praetorium's first, second, and third assignments of error are without merit with respect to the disputed amount (i.e., $826,000). The assignments of error are with merit with respect to the remaining, undisputed, amount due on the note.

III.

**Fourth Assignment of Error**

**The trial court abused its discretion in granting appellees' motion to vacate because appellees failed to demonstrate they were under economic duress when they executed the cognovit notes.**

{¶24} In the Civ.R. 60(B) motion, appellees argued that because they were on the verge of losing their entire interest in the Project, they were compelled to agree to the oppressive cognovit note provisions. Conversely, Praetorium maintained that unpleasant consequences of a business decision do not equate to economic duress.

{¶25} To establish economic duress a party must demonstrate (1) it involuntarily accepted the terms of another; (2) under the circumstances it had no other reasonable alternative; and (3) the circumstances were a product of coercive actions on the part of the opposite party. *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 246 (1990). "Merely taking advantage of another's financial difficulty is not duress. Rather, the person alleging financial difficulty must allege that it was contributed to or caused by the one accused of coercion." *DiFranco v. Razakis*, 8th Dist. Cuyahoga No. 94809, 2011-Ohio-1677, ¶10.

{¶26} Appellees have failed to establish the meritorious defense of economic duress. Although appellees maintain they were compelled to agree to the onerous provisions of the Note, appellees failed to allege any action taken by Praetorium that negated appellees free will in

deciding whether to sign it. Appellees argue they had no alternative to signing the Note; this was not, however, the proverbial Hobson's Choice. While Praetorium may have been aware of appellees' necessity to acquire funds for the Project, appellees had the opportunity *not* to accept the offer to execute the Note and related loan documents. Further, the record demonstrates that appellees were represented by counsel throughout the negotiations and execution. In fact, the cognovit note provides, in boldface type:

> **AFTER CONSULTING (OR HAVING HAD THE OPPORTUNITY TO CONSULT) WITH COUNSEL OR THEIR CHOICE, KNOWLINGLY AND VOLUNTARILY, AND FOR THEIR MUTUAL BENEFIT, WAIVES ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION REGARDING THE PERFORMANCE OR ENFORCEMENT OF, OR IN ANY WAY RELATED TO, THIS NOTE OR THE INDEBTEDNESS.**

**{¶27}** Based on the preceding analysis, Praetorium's fourth assignment of error is well taken.

IV.

**Fifth Assignment of Error**

**The trial court abused its discretion in granting appellees' motion to vacate because the doctrine of abatement is not a meritorious defense.**

**{¶28}** In the Civ.R. 60(B) motion, appellees argued there will be duplicate cases proceeding through the state and federal court systems because of the separate suit filed by them against Praetorium and Guardian Capital Advisors, Inc.[2] Appellees argue the case sub judice should be abated and all of the issues should be considered and resolved in the federal case.

**{¶29}** "[W]hen actions involving the same subject matter and the same parties are pending in two different Ohio courts that have concurrent jurisdiction, the court in which the

---

[2] Guardian Capital Advisors, Inc., entered into the initial loan commitment with Keehan Tennessee Investment, LLC and its principals David Keehan, Donald Keehan, Jr., and Donald Keehan Sr., to provide the $24.5 million loan to fund the Project.

action was first commenced has priority of jurisdiction to maintain the action, and pendency of an action may be pleaded as a defense to bar the second court's jurisdiction." *Commercial Union Ins. Co. v. Wheeling Pittsburgh Corp.*, 106 Ohio App.3d 477, 486 (2d Dist.1995), citing *State ex rel. Maxwell v. Schneider*, 103 Ohio St. 492 (1921).

{¶30} "'However, the fact that an action involving the same subject matter and the same parties is pending in a court of a sister state does not have the same effect.'" *Id.*, quoting *Hoppel v. Greater Iowa Corp.*, 68 Ohio App.2d 209 (9th Dist.1980). *See also Nationwide Mut. Fire Ins. Co. v. Modroo*, 11th Dist. Geauga No. 2004-G-2557, 2004-Ohio-4697, ¶12; *Newman v. Martinez*, 4th Dist. Pike No. 15CA857, 2016-Ohio-647, ¶18.

{¶31} Praetorium obtained a cognovit judgment from the Lorain County Court of Common Pleas in Ohio. Many of the rights and defenses available to the maker of a promissory note are not available to the maker of a cognovit note. Many of those rights and defenses have been waived, including the right to a jury trial. Pursuant to R.C. 2323.13(A), the Lorain County Court of Common Pleas has jurisdiction over these cognovit claims. When that case was filed, the other suit instituted by appellee was pending in federal court. Federal courts do not have "concurrent" jurisdiction over the suit related to the cognovit judgment. Further, this court has addressed this argument in *Keehan*, *supra*, at ¶42-47.

{¶32} Praetorium's fifth assignment of error is well taken.

V.

{¶33} Based on the opinion of this court, the judgment of the Lorain County Court of Common Pleas is hereby affirmed in part and reversed in part; and the matter is remanded for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

TIMOTHY P. CANNON
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
DISSENTS.

(Cannon, J., of the Eleventh District Court of Appeals, sitting by assignment.)

APPEARANCES:

RICHARD W. CLINE and JOSEPH M. MUSKA, Attorneys at Law, for Appellant.

ROBERT R. KRACHT and CHARLES J. PAWLUKIEWICZ, Attorneys at Law, for Appellees.