**[Cite as *Hilliard Lending, L.L.C. v. H-9, L.L.C.*, 2026-Ohio-1907.]**

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF LORAIN | ) | | |

HILLIARD LENDING, LLC

    Appellee

    v.

H-9, LLC, et al.

    Appellants

C.A. No.    24CA012168


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    23 CV 208486

DECISION AND JOURNAL ENTRY

Dated: May 26, 2026

---

FLAGG LANZINGER, Judge.

{¶1} Defendants-Appellees, H-9, LLC ("H-9") and Hilliard Partnership, LLC ("HP") appeal the judgment of the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} On March 24, 2023, Appellee-Plaintiff, Hilliard Lending, LLC ("Hilliard Lending"), filed a complaint on cognovit promissory note against H-9 and HP asserting a single claim for breach of cognovit promissory note and guaranty of cognovit note. An attorney answered and confessed judgment on behalf of H-9 and HP.

{¶3} In a judgment entry filed March 24, 2023 ("March 24, 2023 order"), the trial court entered judgment in favor of Hilliard Lending and against H-9 and HP in the principal amount of $1,700,000.00 together with accrued interest in the amount of $1,291,846.13 through July 18, 2022, plus interest thereafter on the sum of $2,500,000.00 at the rate of 16.46 percent per annum,

reasonable attorneys' fees, and costs. The order did not include an amount of reasonable attorneys' fees or Civ.R. 54(B) language.

{¶4} On May 26, 2023, H-9 and HP filed a joint "Motion for Reconsideration, Or In the Alternative, Relief from Judgment" ("motion for reconsideration"). H-9 and HP argued the trial court should reconsider the March 24, 2023 Order pursuant to Civ.R. 54(B) because they had meritorious defenses to Hilliard Lending's complaint. In the alternative, H-9 and HP argued the trial court should vacate the order pursuant to Civ.R. 60(B) for the same reason. Hilliard Lending opposed the motion.

{¶5} On July 18, 2024, the trial court filed an order denying H-9 and HP's motion for reconsideration. The trial court reasoned that "Civil Rule 60(B) relief is not available to Defendants and a motion for reconsideration is not an appropriate procedural vehicle given the disputed facts between the two sides." The trial court noted the March 24, 2023 order was not a final judgment because it awarded attorneys' fees without specifying the amount owed. The trial court then ordered Hilliard Lending to "formally waive judgment for an amount of attorney fees or take action to request hearing and a finding on the attorney fees" by a certain date.

{¶6} Hilliard Lending filed a notice of waiver of claim for attorney fees on July 26, 2024.

{¶7} The parties continued to file briefs in relation to the motion to reconsider despite the trial court's July 18, 2024 order denying the same. Specifically, Hilliard Lending filed supplemental authority in support of its brief in opposition to the motion for reconsideration on August 7, 2024 and H-9 and HP filed a response to the supplemental authority on August 20, 2024.

{¶8} On September 6, 2024, the trial court filed an "Entry of Final Judgment[.]" The trial court noted that Hilliard Lending's waiver of attorneys' fees rendered the trial court's March 24, 2023 a final judgment pursuant to R.C. 2505.02.

**{¶9}** H-9 and HP filed this timely appeal on the September 6, 2024 final judgment entry, raising two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONSIDER OR REVIEW THE MERITORIOUS DEFENSES OF H-9 AND HP AND TO GRANT RECONSIDERATION UNDER CIVIL RULE 54 AND RELIEF UNDER CIVIL RULE 60[.]**

**{¶10}** In their first assignment of error H-9 and HP argue the trial court abused its discretion when it denied their motion for reconsideration. In the alternative, H-9 and HP argue the trial court abused its discretion in denying their alternative motion to vacate. We disagree.

**{¶11}** "A cognovit promissory note is a special type of commercial paper by which a debtor authorizes a creditor, in the event of the debtor's default on his payment obligation, to obtain an immediate judgment against him without prior notice or an opportunity to be heard." *Sutton Bank v. Progressive Polymers, L.L.C.*, 2020-Ohio-5101, ¶ 12, citing *D.H. Overmyer Co., Inc. v. Frick Co.*, 405 U.S. 174, 176 (1972). Cognovit promissory notes are expressly permitted by Ohio law. *See* R.C. 2323.12, R.C. 2323.13, and R.C. 2323.14. "[T]he purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of a trial." *Sutton Bank* at ¶ 12, quoting *Sky Bank v. Colley*, 2008-Ohio-1217, ¶ 7 (10th Dist.). "By signing a cognovit note, a debtor relinquishes the possibility of notice, hearing or appearance at an action to collect in the event of non-repayment. * * * To accomplish this, cognovit notes are accompanied by a warrant of attorney by which the debtor provides for the waiver of the prejudgment notice and hearing requirements." (Alterations in original.). *Praetorium Secured Fund I, L.P. v. Keehan Tennessee Invests., L.L.C.*, 2016-Ohio-8391, ¶ 9 (9th Dist.), quoting *Masters Tuxedo Charleston, Inc. v. Krainock*, 2002-Ohio-5235, ¶ 6 (7th Dist.). "'A cognovit note effectively eliminates the

debtor's opportunity to be heard before judgment is rendered.'" *Cook Family Invests. v. Billings*, 2009-Ohio-73, ¶ 8 (9th Dist.), quoting *Waldman Fin. v. Digital Color Imagining, Inc.*, 2006-Ohio-4077, ¶ 9 (9th Dist.).

**Civ.R. 54(B) motion for reconsideration**

{¶12} A motion for reconsideration of a non-final order is permitted pursuant to Civ.R. 54. Civ.R. 54(B) provides in relevant part:

> In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

"A 'trial court's determination of a motion for reconsideration will not be disturbed on appeal absent an abuse of discretion.'" *Yoder v. Blake*, 2012-Ohio-861, ¶ 14 (9th Dist.), quoting *Spano Bros. Constr. Co., Inc. v. Adolph Johnson & Son Co.*, 2007-Ohio-1427, ¶ 21 (9th Dist.). An abuse of discretion implies that a court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, this Court may not substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶13} Civ.R. 54(B) does not provide any express guidelines for how a trial court should analyze a motion for reconsideration. Nonetheless, H-9 and HP argued in their motion for reconsideration that "[a]though the requirements under Civil Rule 60(B) for relief from judgments which are final orders are not express requirements for a Motion for Reconsideration under Civil Rule 54(B), for interlocutory orders they are a guideline for the granting of a motion for reconsideration." In the context of a Civ.R. 60(B) motion, a meritorious defense to a cognovit judgment "include[s] non-default; 'improper conduct in obtaining the debtor's signature on the

note; deviation from proper procedures in confessing judgment on the note; and miscalculation of the amount remaining due on the note at the time of confession of judgment.'" *Praetorium Secured Fund I, L.P.* at ¶ 12, quoting *First Natl. Bank of Pandora v. Freed*, 2004-Ohio-3554, ¶ 9 (3d Dist.).

{¶14} In its complaint, Hilliard Lending asserted the parties had executed to a senior development loan agreement, cognovit promissory note, and guaranty of cognovit promissory note and that H-9 and HP had breached the terms of the agreement and cognovit note. In their motion for reconsideration H-9 and HP asserted they had several meritorious defenses to Hilliard Lending's complaint. To support their assertion, they pointed to (1) a copy of a complaint they filed against Hilliard Lending in a separate case, and (2) a copy of the answer they filed in response to a complaint filed by Hilliard Lending against them in a separate case. H-9 and HP asserted the claims in their complaint against Hilliard Lending and certain defenses raised in their answer constituted meritorious defenses to the cognovit judgment in this case.

{¶15} The trial court denied the motion for reconsideration on the basis that such a motion "is not an appropriate procedural vehicle given the disputed facts between the two sides." In doing so, the trial court also "observe[d] that the unpaid debt represented by the cognovit judgment can co-exist with breaches of agreement" H-9 and HP alleged Hilliard Lending had committed and that H-9 and HP's separate complaint against Hilliard Lending remained pending.

{¶16} On appeal, H-9 and HP argue the trial court abused its discretion when it denied their motion for reconsideration because they set forth several meritorious defenses to Hilliard Lending's complaint in their motion for reconsideration. H-9 and HP first argue that they set forth a meritorious defense regarding the amount of principal and interest due. Alternatively, they argue that the trial court abused its discretion when it denied their motion because Hilliard Lending did not oppose their argument regarding the amount of debt. H-9 and HP next assert that they set forth

several meritorious defenses showing they had not defaulted and/or Hilliard Lending had waived its ability to assert H-9 and HP's failures to act as a default under the Agreement.

{¶17} Upon review, we cannot say that the trial court abused its discretion when it denied H-9 and HP's motion for reconsideration. Regarding their argument that they had a meritorious defense concerning the amount of debt owed, H-9 and HP merely asserted that Hilliard Lending did not issue additional draws to them under the contract totaling $800,000. H-9 and HP did not explain in their motion for reconsideration how this affected the calculation of the debt at the time of confession of judgment. *See Praetorium Secured Fund I, L.P.*, 2016-Ohio-8391, at ¶ 12 (9th Dist.), quoting *Freed*, 2004-Ohio-3554, at ¶ 9 (3d Dist.). In their motion for reconsideration, H-9 and HP did not dispute Hilliard Lending's claims in its complaint that pursuant to the Agreement and Cognovit Note (1) Hilliard Lending provided a line of credit to H-9 and HP in the amount of $2,500,000.00, (2) H-9 agreed that after obtaining the first draw, it would pay interest on the total value of the line of credit at the rate of 11.46 percent per annum, or (3) H-9 agreed that if it defaulted on the Agreement that the rate of interest would increase to 16.46 percent per annum.

{¶18} Regarding H-9 and HP's argument in their motion for reconsideration that they had additional meritorious defenses beyond the amount due and owing, H-9 and HP merely alleged that they had filed a separate complaint against Hilliard Lending and an answer to Hilliard Lending's complaint in a separate matter. On appeal, H-9 and HP do dispute the trial court's finding that "the unpaid debt represented by the cognovit judgment can co-exist with breaches of agreement" H-9 and HP alleged Hilliard Lending had committed or that H-9 and HP's separate complaint against Hilliard Lending remained pending.

{¶19} Based on the above, we cannot say that the trial court abused its discretion when it denied H-9 and HP's motion for reconsideration. To the extent H-9 and HP's first assignment of error argues otherwise, it is overruled.

**Civ.R. 60(B) motion for relief from judgment**

{¶20} In the alternative, H-9 and HP argue that the trial court abused its discretion when it denied H-9 and HP's alternative motion for relief from judgment pursuant to Civ.R. 60(B). We disagree.

{¶21} H-9 and HP first argued in their motion for reconsideration that reconsideration pursuant to Civ.R. 54(B) was the appropriate procedural mechanism to challenge the March 24, 2023 order because the order was not final. Nonetheless, H-9 and HP alternatively moved for relief from judgment pursuant to Civ.R 60(B) "should the Court find that the Judgment is Final[.]" In ruling on the Motion for Reconsideration, the trial court expressly determined that "Civil Rule 60(B) relief is not available to defendants[,]" because the March 24, 2023 order was not a final judgment because it awarded attorneys' fees without specifying the amount owed.

{¶22} Here, H-9 and HP filed their purported motion for relief from judgment prior to the filing of a final order in this case. "When attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim and does not include, pursuant to Civ.R. 54(B), an express determination that there is no just reason for delay, is not a final, appealable order." *IBEW, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 2007-Ohio-6439, paragraph two of the syllabus. Civ.R. 60(B) is not a proper procedural mechanism for relief where the underlying order is not itself a final judgment. *See Hack v. Keller*, 2015-Ohio-4128, ¶ 10 (9th Dist.). As H-9 and HP recognized in their motion, the appropriate procedural mechanism to request reconsideration of a non-final order is found in Civ.R. 54(B). *See id.* at ¶ 15 (concluding that

purported motion to vacate filed prior to final judgment was a mislabeled motion for reconsideration); *Yoder*, 2012-Ohio-861, at ¶ 13 (9th Dist.) (concluding that a motion to vacate filed prior to final judgment "was more properly considered as a motion for reconsideration.").

{¶23} On appeal, H-9 and HP do not challenge the trial court's determination that the March 24, 2023 order was not a final order. Instead, H-9 and HP contend that the trial court abused its discretion when it "failed to afford relief from Judgment under the meritorious defenses once the court issued the final judgment and the Motion for Relief remained pending and was still being briefed by the parties." This argument has no merit. First, H-9 and HP's alternative motion for relief was filed prior to final judgment. Second, the contention that the motion for relief was still pending when the trial court issued its final judgment is belied by the record. In its March 24, 2023 order, the trial court expressly stated,

> This matter comes on for decision upon Defendants' 5/26/23 motion for reconsideration or in the alternative for relief from judgment from this Court's 3/24/23 entry of a cognovit judgment in favor of Plaintiff and against Defendant. ***The motion is denied***.

(Emphasis added.) The fact Hilliard Lending subsequently filed supplemental authority in support of its brief in opposition and H-9 and HP filed a response to the supplemental authority is immaterial. The trial court had already denied the motion. Finally, the trial court expressly stated in its September 6, 2024 final judgment that any motion not expressly ruled on was denied.

{¶24} Based on the above, we cannot say that H-9 and HP have shown that the trial court abused its discretion when it denied H-9 and HP's alternative motion for relief from judgment pursuant to Civ.R. 60(B). We overrule H-9 and HP's first assignment of error to the extent it asserts the trial court abused its discretion when it denied H-9 and HP's alternative motion for relief from judgment pursuant to Civ.R. 60(B).

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED UNDER AN ABUSE OF DISCRETION STANDARD WHEN IT FAILED TO HOLD AN EVIDENTIARY HEARING UNDER RULE 60(B)[.]**

{¶25} In their second assignment of error, H-9 and HP contend the trial court abused its discretion when it failed to hold an evidentiary hearing under Civ.R. 60(B). This argument has no merit. As explained above, H-9 and HP's alternative motion to vacate judgment pursuant to Civ.R. 60(B) was not properly before the court. As such, a hearing on the motion was not required.

{¶26} H-9 and HP's second assignment of error is overruled.

III.

{¶27} H-9 and HP's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
JILL FLAGG LANZINGER
FOR THE COURT

CARR, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

PATRICK J. THOMAS, Attorney at Law, for Appellants.

ROY J. SCHECHTER, Attorney at Law, for Appellee.