DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Ronald Billings, appeals the judgment of the Lorain County Court of Common Pleas, which denied his motion for relief from judgment. This Court affirms.
 I. {¶ 2} On December 3, 2004, Appellee, Cook Family Investments ("CFI"), filed a complaint on a cognovit promissory note against Billings, seeking a balance of $225,000.00, plus interest at a rate of 7% per annum. Attorney D. Chris Cook confessed judgment on behalf of Billings the same day. Also on December 3, 2004, the trial court issued a journal entry in which it granted judgment in favor of CFI as against Billings in the amount of $225,000.00, plus interest.
 {¶ 3} Notice of judgment was mailed to Billings. On January 20, 2005, Billings filed a motion for relief from judgment, in which he asserted that the promissory note attached to CFI's complaint was invalid and unenforceable for lack of consideration. On February 11, 2005, CFI *Page 2 
filed a brief in opposition. On March 4, 2005, the trial court denied the motion for relief from judgment without analysis. On March 24, 2005, Billings filed a supplemental brief in support of his motion for relief from judgment. Billings timely appealed from the trial court's denial of his motion for relief from judgment. This Court affirmed the trial court's judgment on February 22, 2006. Cook Family Investments v.Billings, 9th Dist. Nos. 05CA008689, 05CA008691, 2006-Ohio-764. The clerk's office filed a certificate of judgment on March 14, 2006. A writ of execution was issued on September 28, 2006. Notwithstanding a motion by Billings to quash the writ of execution, on October 16, 2006, the Lorain County Sheriffs Department levied upon certain of Billings' assets in execution of the judgment. On December 7, 2006, the trial court issued a release of execution, ordering, by agreement of the parties, that the execution of certain property listed be released and dissolved. On December 12, 2006, CFI filed a satisfaction of judgment.
 {¶ 4} On February 20, 2007, Billings filed a second motion for relief from judgment, pursuant to Civ. R. 60(B)(4) and (5). Billings argued that the judgment was void ab initio for lack of subject matter jurisdiction because CFI failed to register a fictitious name with the Secretary of State prior to the entry of judgment. On March 7, 2007, CFI filed a brief in opposition. On October 16, 2007, the trial court denied the motion for relief from judgment without a hearing or any analysis. Billings timely appealed, setting forth one assignment of error for review. *Page 3 
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, WHEN IT DENIED APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WITHOUT A HEARING, WHERE APPELLANT SOUGHT RELIEF FROM A COGNOVIT JUDGMENT ENTERED UPON WARRANT OF AN ATTORNEY, AND APPELLANT'S MOTION ASSERTED A VALID DEFENSE TO THE JUDGMENT; TO WIT: THAT SAID JUDGMENT WAS VOID AB INITIO."
 {¶ 5} Billings argues that the trial court erred by denying his motion for relief from judgment because the judgment on a cognovit note was void ab initio. This Court disagrees.
 {¶ 6} The decision to grant or deny a motion for relief from judgment pursuant to Civ. R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion. Strack v.Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Ports v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 7} Civ. R. 60(B) states, in relevant part,
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be *Page 4 
made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 8} To prevail on a Civ. R. 60(B) motion for relief from judgment, the moving party must demonstrate that
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Generally, the moving party's failure to satisfy any of the three requirements will result in the motion being overruled. Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. This Court has stated:
 "However, the movant's burden is lessened when a party attempts to vacate a judgment on a cognovit note. See Society Natl. Bank v. Val Halla Athletic Club Recreation Ctr., Inc. (1989), 63 Ohio App.3d 413, 418. A cognovit note is a `legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder.' Medina Supply Co., Inc. v. Corrado (1996), 116 Ohio App.3d 847, 850, quoting D.H. Overmyer Co. v. Frick Co.
(1972), 405 U.S. 174, 176. A cognovit note effectively eliminates the debtor's opportunity to be heard before judgment is rendered. See G. W.D. Ents., Inc. v. Down River Specialties, Inc. (May 24, 2001), 8th Dist. No. 78291[]. Due to the special circumstances involving a cognovit note, the movant only needs to assert that the motion was timely and that there is a meritorious defense. Medina Supply Co., Inc., 116 Ohio App.3d at 850-51. When a motion for relief from judgment of a cognovit note `is pursued in a timely manner and in light of a proper allegation of a meritorious defense, any doubt should be resolved in favor of setting aside the judgment so that the case may be decided on the merits.' Bank One, NA v. SKRL Tool Die, Inc., 11th Dist. No. 2003-L-048, 2004-Ohio-2602, at ¶ 16, quoting Advanced Clinical Mgt., Inc. v. Salem Chiropractic Ctr., Inc., 5th Dist. No. 2003CA00108, 2004-Ohio-120, at ¶ 16." Waldman Financial v. Digital Color Imaging, Inc., 9th Dist. No. 23101, 2006-Ohio-4077, at ¶ 9.
 {¶ 9} The Ohio Supreme Court has held that a trial court should hold a hearing on a movant's motion for relief from judgment where the movant has alleged operative facts warranting relief under Civ. R. 60(B).Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19. *Page 5 
The motion and supporting documents, if any, must contain operative facts which demonstrate the timeliness of the motion, the reasons for seeking relief, and the movant's defense. Adomeit v. Baltimore (1974),39 Ohio App.2d 97, paragraph two of the syllabus.
 "If the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Id. at paragraph four of the syllabus.
Before the trial court must schedule a hearing on a motion for relief from judgment, "the movant must do more than make bare allegations that he or she is entitled to relief." Kay, 76 Ohio St.3d at 20, citingRose Chevrolet, 36 Ohio St.3d at 20.
 {¶ 10} CFI filed a satisfaction of judgment on December 12, 2006. The Ohio Supreme Court has held:
 "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot. Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment." (Internal quotations and citations omitted.) Blodgett v. Blodgett (1990), 49 Ohio St.3d 243, 245.
 {¶ 11} In this case, Billings has not argued the intervention of fraud or the involuntary payment and satisfaction of the judgment. However, Billings argued in his motion for relief from judgment that the judgment was void ab initio for lack of subject matter jurisdiction because CFI is not a legal entity and has failed to register its fictitious name with the Secretary of State pursuant to R.C. Chapter 1329. *Page 6 
 {¶ 12} Billings initially argued that CFI is not a legal entity because neither Barbara Cook[1] nor Richard Cook[2] could identify the legal status of the entity. However, the mere fact that lay persons cannot articulate the legal status of an entity established by another person, and in which they may or may not have some interest, does not indicate that the entity has no legal status, or that it is not, as Billings asserts, sui juris.
 {¶ 13} The crux of Billings' argument in support of his motion for relief from judgment was that CFI's failure to register its fictitious name with the Secretary of State, as required by R.C. 1329.01, resulted in the lack of a legally cognizable plaintiff in favor of whom no judgment might validly be rendered.
 {¶ 14} This Court recently stated:
 "Under R.C. 1329.01, a fictitious name is defined as `a name used in business or trade that is fictitious and that the user has not registered or is not entitled to register as a trade name.' R.C. 1329.01(A)(2). Further, `any person may register with the secretary of state, on a form prescribed by the secretary of state, any trade name under which the person is operating.' (Emphasis added.) R.C. 1329.01(B). If an entity declines to register a trade name with the secretary of state, then the name is, by default, a fictitious name. See R.C. 1329.01(D). In such a case, the entity is required to report the use of the fictitious name to the secretary of state. Id." The Plain Dealer Publishing Co. v. Musil, 9th Dist. No. 24140, 2008-Ohio-4846, at ¶ 14.
In addition, R.C. 1329.10(B) provides:
 "No person doing business under a trade name or fictitious name shall commence or maintain an action in the trade name or fictitious name in any court in this state * * * until it has first complied with section 1329.01 of the Revised Code and, if the person is a partnership, it has complied with section 1777.02 of the Revised Code, but upon compliance, such an action may be commenced or maintained on any contracts and transactions entered into prior to compliance." *Page 7 
 {¶ 15} Billings merely asserts, without any evidentiary support, that CFI is a fictitious name. However, it has been held that an entity's name does not constitute a "fictitious name" where the surname (or surnames) of the partners or members of the entity appears in the entity's name. Duris Ents. v. Moore (1983), 9 Ohio App.3d 99, 101; see, also, Czatt v. Case (1899), 61 Ohio St. 392, syllabus. Billings inquired of Barbara Cook and Richard Cook during depositions regarding the status of CFI. Both testified that they believed that Barbara Cook is a trustee for the entity. Neither testified regarding any other person's authority with regard to CFI. The Cook surname appears in the entity's name. Under the circumstances, CFI may in fact not constitute a fictitious name. However, there is a dearth of operative facts in the record for this Court to make a determination either way.
 {¶ 16} The burden lies with the moving party to set forth operative facts in support of his motion. Adomeit, 39 Ohio App.2d at paragraph two of the syllabus. Billings failed to set forth operative facts, rather than mere speculation and "meager and limited facts," id. at paragraph four of the syllabus, that CFI is a "fictitious name" which must have been registered with the Secretary of State before the entity had the capacity to maintain an action. Accordingly, he has failed to set forth operative facts to demonstrate that the judgment is void for lack of subject matter jurisdiction. In the absence of operative facts regarding the lack of subject matter jurisdiction, Billings' satisfaction of the judgment renders his appeal moot. Billings' assignment of error is overruled.
 III. {¶ 17} Billings' sole assignment of error is overruled. As his appeal has been rendered moot, the judgment of the Lorain County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 8 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
MOORE, J. SLABY, J. CONCUR
[1] Barbara testified that her late husband established CFI as an investment account and that she believes that she is the trustee of CFI.
[2] Richard is Barbara's son. He testified that he does not know whether he has a present interest in CFI, although he had a prior interest in it through a trust. *Page 1