[Cite as *Sutton Bank v. Progressive Polymers, L.L.C.*, 2019-Ohio-3239.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


SUTTON BANK,                                        :        **O P I N I O N**

          Plaintiff-Appellee,                :

                                            **CASE NOS.  2018-P-0079**

     - vs -                                            :                      **2019-P-0001**

PROGRESSIVE POLYMERS, LLC, et al.,     :

          Defendants-Appellants.          :


Civil Appeals from the Portage County Court of Common Pleas.
Case No. 2018 CV 00723.

Judgment: Reversed and remanded.


*Michael D. Stultz* and *Christopher C. Camboni*, Meyer & Kerschner, Ltd., 106 East Market Street, P.O. Box 400, Tiffin, OH 44883 (For Plaintiff-Appellee).

*Patrick J. Keating* and *Daniel J. Glass*, Buckingham, Doolittle & Burroughs, LLC, 3800 Embassy Parkway, Suite 300, Akron, OH 44333 (For Defendants-Appellants).


TIMOTHY P. CANNON, J.

{¶1}    Appellants, Progressive Polymers, LLC and Darin A. Bay, appeal two judgments of the Portage County Court of Common Pleas, in favor of appellee, Sutton Bank, on a cognovit promissory note.  We reverse and remand.

{¶2}    The facts leading up to the dispute between the parties are straightforward. On July 22, 2016, appellants signed a cognovit promissory note (the "Note") in favor of Sutton Bank for the principle amount of $500,000.00.  Appellants were to make monthly

payments on the Note.  The following sections of the Note are pertinent to the present dispute:

- Paragraph 1, the definitions section of the Note, states that "[t]he pronouns 'I,' 'me,' and 'my' refer to each Borrower signing this Note, individually and together * * * 'You' and 'Your' refer to the Lender * * *."

- Paragraph 29, the "waiver of jury trial" section, states: "All of the parties to this Note knowingly and intentionally, Irrevocably and unconditionally, waive any and all right to a trial by jury in any litigation arising out of or concerning this Note or any other Loan Documents or related obligation.  All of these parties acknowledge that this section has either been brought to the attention of each party's legal counsel or that each party had the opportunity to do so."

- Between Paragraph 29 and Paragraph 30, the following is contained in a text box:

CONFESSION OF JUDGMENT.  If I default, I authorize any attorney to appear in a court of record and confess judgment against me in favor of you.  The confession of judgment may be without process and for any amount due on this Note including collection costs and reasonable attorneys' fees.  This is in addition to other remedies.

- Paragraph 30, the following warning is printed in bold, capital letters:

**WARNING: BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.**

{¶3} Appellants signed the Note right below the above warning contained in Paragraph 30.  Sutton Bank did not sign the Note.  Thereafter, in August 2018, appellants informed Sutton Bank they would no longer be able to make payments on the Note.

{¶4} A complaint for confession of judgment on the Note was filed by Sutton Bank on September 13, 2018, and judgment was summarily entered in favor of Sutton Bank on September 17, 2018. Appellants appealed the judgment (Case No. 2018-P-0079) and also filed a motion to vacate.

{¶5} While the appeal was pending, appellants filed a motion with this court to remand the matter for a ruling on the motion to vacate, which was granted. On remand, the trial court denied the motion to vacate, holding that appellants did not have a meritorious defense to Sutton Bank's claim under the Note. Appellants filed a second notice of appeal from the denied motion to vacate (Case No. 2019-P-0001), and the cases were consolidated.

{¶6} Appellants' timely consolidated appeals before this court raise three assignments of error. For clarity and convenience, we combine the first and third assignments for review.

{¶7} Appellants' first and third assignments of error state:

> [1.] The Trial Court erred in granting cognovit judgment in favor of Appellee and against Appellant. Strictly construing the underlying promissory note, as is required of Ohio courts when interpreting cognovit provisions, the promissory note does not authorize an attorney to confess judgment against Appellants.

> [3.] The Trial Court's Judgment Entry is void from the beginning for lack of subject matter jurisdiction because the underlying Note is facially insufficient to support a cognovit judgment. Where the Trial Court failed to do so, this court possesses and should exercise its inherent authority, which is not derived from Civil Rule 60(B), to vacate a judgment entered without subject matter jurisdiction.

{¶8} The first and third assignments of error relate to appellants' challenge to the judgment on direct appeal. Appellants challenge the legal sufficiency of the cognovit feature in the Note based on the definitions set forth in the contract.

3

'A cognovit note is not an ordinary note. It is indeed an extraordinary note which authorizes an attorney to confess judgment against the person or persons signing it. It is written authority of a debtor and a direction by him for the entry of a judgment against him if the obligation set forth in the note is not paid when due. Such a judgment may be taken by any person or any company holding the note, and it cuts off every defense which the maker of the note may otherwise have. It likewise cuts off all rights of appeal from any judgment taken on it.'

*Badalamenti v. Natl. City Bank*, 11th Dist. Portage No. 2001-P-0122, 2002-Ohio-4815, ¶15, quoting *Jones v. John Hancock Mut. Life Ins. Co.*, 289 F.Supp. 930, 935 (W.D.Mich. 1968).

{¶9} "While legal, cognovit notes are generally disfavored because they deprive a debtor of notice and the opportunity to answer the complaint prior to the entry of judgment on the note." *Fifth Third Bank v. Woeste Bros. Properties, Ltd.*, 12th Dist. Butler No. CA2010-06-145, 2010-Ohio-5807, ¶10 (citations omitted). "It has long been held that warrants of attorney to confess judgment are to be strictly construed and court proceedings based upon such warrants must conform in every essential detail with the statutory law governing the subject." *Bank One of Eastern Ohio, NA v. Liberty Bell, Inc.*, 11th Dist. Trumbull No. 3685, 1987 WL 13067, *2 (June 19, 1987), citing *Lathrem v. Foreman*, 168 Ohio St. 186 (1958).

{¶10} Appellants' first assignment of error challenges the interpretation of the contract between appellants and Sutton Bank, which is a matter of law subject to a de novo standard of review. *Kilko v. Lockhart*, 11th Dist. Lake No. 2012-L-003, 2012-Ohio-5026, ¶30, citing *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108 (1995). "A court must interpret a contract so the intent of the parties may be ascertained and given effect." *Natl. City Bank v. Concorde Controls, Inc.*, 11th Dist. Lake No. 2001-L-113, 2002-Ohio-6578, ¶24 (citation omitted). "When a court is construing the

4

meaning of a contract, the intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Id.* (citation omitted).

**{¶11}** "If contractual terms are unambiguous, a court may not fashion a new contract or interpret contractual terms in a manner not expressed by the clear intent of the parties." *Id.* (citation omitted). "An interpretation will not be given to one part of the contract which will annul another part of it." *Stalloy Metals, Inc. v. Kennametal, Inc.*, 11th Dist. Geauga No. 2012-G-3054, 2012-Ohio-5597, ¶36 (citation omitted). The contract must be interpreted as a whole, and an interpretation that gives effect to all of the contract's provisions is preferred." *Id.* (citation omitted).

**{¶12}** R.C. 2323.13(D) governs the obligations for forming a warrant for an attorney to confess judgment on a cognovit promissory note, and it states:

> A warrant of attorney to confess judgment contained in any promissory note, bond, security agreement, lease, contract, or other evidence of indebtedness executed on or after January 1, 1974, is invalid and the courts are without authority to render a judgment based upon such a warrant unless there appears on the instrument evidencing the indebtedness, directly above or below the space or spaces provided for the signatures of the makers, or other person authorizing the confession, in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document:
>
> "Warning--By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause."

**{¶13}** Appellants concede that Sutton Bank included the required statutory warning language contained in R.C. 2323.13(D) exactly as it appears in the statute. Their contention is that the definition section of the Note changed the meaning and application of the statutory language. They contend a literal interpretation of the definitions applied

5

to the warning establishes it was, by definition, Sutton Bank who conceded rights pursuant to the warning paragraph.

{¶14}  The matter sub judice can be likened to our consideration of the term "hire" in the matter of *Sherock v. Ohio Mun. League Joint Self-Ins. Pool*, 11th Dist. Trumbull No. 2003-T-0022, 2004-Ohio-1515.  There, the appellant made an argument similar to Sutton Bank whereby the defined term "hire" had a specific meaning in certain parts of the agreement and a general meaning in others.  We held as follows:

> The ambiguity found by the trial court only exists if two different definitions of the term "hire" are applied to the interpretation of the Participation Agreement. According to the Municipal League and the trial court, "hire" has a precise definition in the context of the "Hired Auto" provision, but a general meaning in the context of the "Non–Owned Auto" provision. Such an interpretation, however, is unnecessary and improper. Where a contract gives precise meaning to a particular term, the term should be construed consistently as having that meaning throughout the contract, absent some evidence of intent to the contrary. * * *  Moreover, a trial court exceeds its authority when it undertakes to construe language that is unambiguous. The Ohio Supreme Court has stated that "the most critical rule [of interpretation] is that which stops this court from rewriting the contract when the intent of the parties is evident, i.e., if the language of the policy's provisions is clear and unambiguous, this court may not 'resort to construction of that language.'" * * *

> Since the term "hire" is defined within the Participation Agreement, we hold that this term is not ambiguous and it was unnecessary for the trial court to construe the Participation Agreement.

*Id.* at ¶13-14 (internal citations and footnote omitted).

{¶15}  Interpreting the contract as a whole and avoiding interpretations that have the effect of annulling parts of it, the definition section of the Note unambiguously grants appellants the right to confess judgment against Sutton Bank in the event of a breach. This is the language chosen by the parties to the contract—namely, Sutton Bank as the drafter of the Note—despite the default language inserted from the Ohio statute using the

6

pronoun "you" instead of "I" to describe the signer(s). Sutton Bank acknowledges the borrower must be given the warning set forth in the statute. However, a plain reading of the definitions chosen by Sutton Bank establishes that there is no statutory warning directed to the borrower, appellants herein.

{¶16} Appellants' first and third assignments of error have merit.

{¶17} Appellants' second assignment of error states:

> The Trial Court abused its discretion in denying Appellants 60(B) Motion for Relief from the Judgment Entry. Appellants demonstrated that they were entitled to Relief from the Judgment Entry pursuant to Civil Rule 60(B). Appellants timely filed their Motion for Relief and demonstrated the existence of a meritorious defense or claim to present if relief was granted.

{¶18} Because we have determined that a strict construction of the Note did not authorize an attorney to confess judgment against appellants, their second assignment of error, related to the denial of their 60(B) motion, is moot.

{¶19} The order of the Portage County Court of Common Pleas confessing judgment against Appellants on the cognovit note is hereby reversed, and this matter is remanded to the trial court for further proceedings on Sutton Bank's complaint.

THOMAS R. WRIGHT, P.J., concurs,

MARY JANE TRAPP, J., dissents with a Dissenting Opinion.

_____

MARY JANE TRAPP, J., dissents with a Dissenting Opinion.

{¶20} I must respectfully dissent.

7

{¶21} While creative as commercial law arguments go, Progressive Polymers, LLC's and Darin A. Bay's (collectively, the "borrowers") proposed interpretation of the cognovit promissory note disregards the clear mandate of the applicable statute, is not reasonable or consistent with the parties' intent based on the entire instrument, and ignores the reality of the commercial banking and lending industry.

{¶22} The dispute in the case involves Sutton Bank's (the "lender") failure to alter the language of the statutory warning. As the majority correctly notes, "[w]here a contract gives precise meaning to a particular term, the term should be construed consistently as having that meaning throughout the contract, *absent some evidence of intent to the contrary*." (Emphasis added.) *Sherock v. Ohio Mun. League Joint Self-Ins. Pool*, 11th Dist. Trumbull No. 2003-T-0022, 2004-Ohio-1515, ¶13. In this case, the parties certainly intended the note's definitions of "you" and "your" to have different meanings in the statutory warning.

{¶23} First, the lender intended to give effect to the note's warrant of attorney to confess judgment by using the exact language of the statutory warning. A promissory note that contains a warrant of attorney is a cognovit note. *Huntington Natl. Bank v. Burda*, 10th Dist. Franklin No. 08AP-658, 2009-Ohio-1752, ¶8, citing *D.H. Overmyer Co., Inc. v. Frick Co.*, 405 U.S. 174, 176 (1972), fn. 1. A cognovit note allows a holder of the note to obtain judgment without a trial and without consideration of possible defenses that the signer of the note might assert. *Id.* citing *D.H. Overmyer* at 177.

{¶24} Since at least 1958, the Supreme Court of Ohio has recognized that warrants of attorney to confess judgment are to be strictly construed and that court proceedings based on such warrants must conform in every essential detail with the statutory law governing the subject. *Lathrem v. Foreman*, 168 Ohio St. 186 (1958),

8

paragraph one of the syllabus. According to the court, "[c]onfession of judgment is entirely a statutory measure and must meet the requirements thereof strictly." *Id.* at 188, quoting *Keyes v. Peterson*, 194 Minn. 361, 364 (1935).

{¶25} R.C. 2323.13, the statute in Ohio that governs warrants of attorney to confess judgment, is quite clear and unambiguous and does not allow for variations:

{¶26} "(D) *A warrant of attorney to confess judgment contained in any promissory note*, bond, security agreement, lease, contract, or other evidence of indebtedness executed on or after January 1, 1974, *is invalid and the courts are without authority to render a judgment based upon such a warrant unless there appears on the instrument evidencing the indebtedness, directly above or below the space or spaces provided for the signatures of the makers, or other person authorizing the confession*, in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document:

{¶27} *'"Warning—By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause.*" (Emphasis added.)

{¶28} The Ohio General Assembly proscribed the precise warning that must be given and employed quotation marks around the precise language to underscore the mandatory nature of each and every word. Courts have recognized the mandatory nature of this warning. *See, e.g., First-Knox Natl. Bank v. Hoffman-Wyatt*, 5th Dist. Knox No. 92-CA-09, 1992 WL 331653, *1 (Oct. 22, 1992) ("[T]he legislature meant precisely what it said in setting out the objective criteria contained in R.C. 2323.13(D)"); *PC*

9

*Surveillance.Net, LLC v. Rika Group Corp.*, 7th Dist. Mahoning No. 11 MA 165, 2012-Ohio-4569, ¶24 ("[T]he warrants of attorney to confess judgment in the cognovit notes quote exactly the mandatory statutory warning language[.] * * * This conforms with the mandatory requirements of R.C. 2323.13(D), and the cognovit judgments * * * are not void"); *Bank One, Youngstown, N.A. v. Salem China Co.*, 7th Dist. Columbiana No. 89-C-27, 1990 WL 65377, *1 (May 16, 1990) (holding that the legislature requires "exact compliance"); *Central Trust Co. of Northeastern Ohio, N.A. v. Hutcheson*, 5th Dist. Stark No. CA-7104, 1987 WL 18540 (Oct. 13, 1987), *overruled on other grounds by Gardner v. Kines*, 5th Dist. Stark No. CA-8674, 1992 WL 28880, *2 (Jan. 27, 1992) (holding that "no deviation from the language is permissible").

**{¶29}** In this case, the borrowers expressly granted to the lender a warrant of attorney to confess judgment upon default. The parties' intent to enter into a cognovit promissory note is unambiguous because the warrant of attorney language contained in the cognovit note before us, which is the critical provision that differentiates a cognovit note from any other promissory note, does indeed employ the same defined pronouns set out in the note's definitional section - "I" referred to the borrower and "you" referred to the lender.

**{¶30}** To give legal effect to this provision, the lender placed the required statutory warning above the signatures of the borrowers in all caps, bolded, and in larger font. The borrowers have proposed an interpretation of the statutory warning that exists in a vacuum, without regard to the intrinsically related confession of judgment provision. Such an interpretation is at odds with the long-standing principle that "[t]he intention of the parties must be derived ... from the instrument as a whole, and not from detached or isolated parts thereof.'" *California Fitness I, Inc. v. Lifestyle Family Fitness, Inc.,* 433

10

Fed.Appx. 329, 337 (6th Cir.2011), quoting *Whitt Mach, Inc. v. Essex Ins. Co.*, 377 Fed.Appx. 492, 496 (6th Cir.2010) (Internal citations omitted.)

**{¶31}** Second, only the lender's proposed interpretation of the note is reasonable and gives effect to its terms. "[A]n interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable ... or of no effect." *Id.* at 342, citing *Restatement (Second) of Contracts* § 203(a) (1981).

**{¶32}** A proper interpretation of the note grants the lender the right to confess judgment against the borrowers in the event of nonpayment. The statutory warning contained in the note states as follows:

**{¶33}** *"***WARNING: BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE***.***"*

**{¶34}** The terms "you" and "your" as used in the statutory warning clearly refer to the borrowers, and "creditor" and "his" clearly refer to the lender:

- "*By signing this note * * *.*"   Only the borrowers signed the note, not the lender.

- "*If you do not pay on time * * *.*"   Only the borrowers are obligated to make timely payments under the note, not the lender. Further, a cognovit judgment is limited to default for *nonpayment* under the terms of the instrument evidencing

11

indebtedness. (Emphasis added.) *Henry Cty. Bank v. Stimmels, Inc.*, 3d Dist. Henry No. 7-12-19, 2013-Ohio-1607, ¶19.

- "*You give up your right to notice and court trial. * * * [A] court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you * * *.*" Only the borrowers, not the lender, granted a warrant of attorney to confess judgment upon default and waived process, which mandated the inclusion of the statutory warning.

- "*regardless of any claims you may have against the creditor * * *.*" Only the lender, not the borrowers, extended credit under the note and can properly be referred to as "the creditor."

{¶35} The borrowers' proposed interpretation of the note renders the confession of judgment and the statutory warning meaningless.

{¶36} Finally, only the lender's proposed interpretation is consistent with usage of trade in the commercial lending industry. Ohio's Uniform Commercial Code defines a "usage of trade" as "any practice or method of dealing having such regularity of observance in a place, vocation, or trade as to justify an expectation that it will be observed with respect to the transaction in question." R.C. 1301.303(C). A "usage of trade in the vocation or trade in which [the parties] are engaged or of which they are or should be aware is relevant in ascertaining the meaning of the parties' agreement, may give particular meaning to specific terms of the agreement, and may supplement or qualify the terms of the agreement." R.C. 1301.303(D). As this court has explained, "[i]n order to qualify as a 'usage of trade,' the use of the dispute[d] contractual language must occur so regularly within a vocation or trade 'as to justify an expectation that it will be observed with respect to a particular agreement.'" (Citations omitted.) *Dana Partners, L.L.C. v.*

12

*Koivisto Constructors & Erectors, Inc.*, 11th Dist. Trumbull No. 2011-T-0029, 2012-Ohio-6294, ¶27.

{¶37} According to the U.S. Supreme Court, in a case involving a prior version of R.C. 2323.13, "[t]he cognovit is the *ancient legal device* by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder." (Emphasis added.) *D.H. Overmyer, supra*, at 176. It was known as far back as Blackstone's time. *Id.*

{¶38} In this case, the parties certainly knew the meaning and effect of the cognovit provisions.

{¶39} The clear intent of the parties' transaction was for the lender to loan money to the borrowers in exchange for a promise to repay the loan on certain terms. If the borrowers defaulted on payment, the lender was entitled to an immediate judgment. The note in this case met the strict statutory requirements and should be enforced.

{¶40} For the foregoing reasons, I respectfully dissent.