[Cite as *Petruzzi v. Garden Art Innovations, L.L.C.*, 2021-Ohio-4600.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JENNIFER PETRUZZI

    Appellant

    v.

GARDEN ART INNOVATIONS, LLC

    Appellee

C.A. No.      29895

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      CV-2019-12-4582

DECISION AND JOURNAL ENTRY

Dated: December 30, 2021

SUTTON, Judge.

{¶1} Plaintiff-Appellant, Jennifer Petruzzi, appeals the judgment of the Summit County Court of Common Pleas, granting Defendant-Appellee's, Garden Art Innovations, LLC ("GAI"), Civ.R. 60(B) motion for relief from cognovit judgment. For the reasons that follow, this Court reverses.

I.

**Relevant Background**

{¶2} The present appeal arises from GAI's alleged default on a cognovit note owed to Ms. Petruzzi as part of a settlement agreement related to the termination of Ms. Petruzzi's employment. According to the parties' settlement agreement, GAI employed Ms. Petruzzi from July 2015 through June 2016, and the terms of Ms. Petruzzi's employment included a 1% ownership interest in GAI. A dispute arose between the parties when Ms. Petruzzi attempted to buyout her 1% interest in GAI for $50,000.00. After several years of negotiations, the parties,

while represented by counsel, resolved the dispute with a settlement agreement and cognovit note. As part of the negotiated settlement, Ms. Petruzzi agreed to accept $35,000.00 for her 1% interest, unless GAI defaulted on the note.

### The Cognovit Note

{¶3} The cognovit note stated, in relevant part:

[GAI] shall pay [Ms. Petruzzi] the total sum of Thirty-Five Thousand Dollars ($35,0000.00) (the "Settlement Sum") as follows:

\* \* \*

a. Five Thousand Eight Hundred Thirty-Three Dollars and thirty-three cents ($5,833.33) by August 30, 2018.

b. Five Thousand Eight Hundred Thirty-Three Dollars and thirty-three cents ($5,833.33) by September 30, 2018.

c. Five Thousand Eight Hundred Thirty-Three Dollars and thirty-three cents ($5,833.33) by October 30, 2018.

d. Five Thousand Eight Hundred Thirty-Three Dollars and thirty-three cents ($5,833.33) by November 30, 2018.

e. Five Thousand Eight Hundred Thirty-Three Dollars and thirty-three cents ($5,833.33) by December 30, 2018.

f. Five Thousand Eight Hundred Thirty-Three Dollars and thirty-five cents ($5,833.35) by January 30, 2019.

All payments shall be made by check payable to [Ms.] Petruzzi and mailed or delivered to her at 841 Merriman Road, Akron, OH 44303, to be postmarked by each due date.

Notwithstanding the preceding terms, if [GAI] defaults in any term or condition of this Note, including but not limited to failing to make any payment to [Ms. Petruzzi] on time or in full, *then [GAI's] obligation to [Ms. Petruzzi] will automatically increase to Fifty Thousand Dollars ($50,000.00), less any payments previously made, plus interest at Eighteen Percent (18%) per annum calculated from the date of this Note until paid, plus attorney's fees and expenses.*

\* \* \*

(Emphasis added.) The record indicates that GAI ultimately paid Ms. Petruzzi $34,999.98, instead of $35,000.00, as required under the unambiguous terms of the cognovit note.

{¶4} On February 3, 2019, Ms. Petruzzi filed a complaint on the cognovit note alleging GAI's default and seeking $15,000.02, with interest at a rate of 18% per annum from the date of the note until paid in full, plus attorney's fees incurred in the amount of $1,160.00 and the costs of the action. In response, GAI answered alleging, *inter alia*, the affirmative defense of substantial performance of the agreement with Ms. Petruzzi and that "nominal departures from a contract are not sufficient to breach it."

### Motion for Temporary Restraining Order and Judgment Entry

{¶5} GAI then filed a motion for temporary restraining order ("TRO"), preliminary injunction, and permanent injunction in an attempt to prevent Ms. Petruzzi from enforcing the cognovit note. In so doing, GAI argued it's "last payment was accidentally off by $0.02." Further, GAI indicated it "paid the fifth and sixth scheduled payments in a single check in December 2018[,]" and "[t]he check amount for the last payment installment was $11,666.66." GAI took issue with Ms. Petruzzi for not making it aware of the $0.02 deficit, stating Ms. Petruzzi, "waited until the final payment deadline passed, and then accused GAI of breaching the Promissory Note because it was $0.02 short."

{¶6} In opposing GAI's motion for TRO, Ms. Petruzzi argued, if GAI's motions were granted, "it would undermine the entire body of Ohio jurisprudence relating to the enforcement of cognovit notes." Further, Ms. Petruzzi urged the trial court to deny GAI's motion because GAI did not meet the requirements for injunctive relief and Ms. Petruzzi "has spent years, and thousands of dollars in attorney's fees, attempting to collect a debt which she is rightfully owed." Moreover, Ms. Petruzzi argued GAI admitted signing the cognovit note and "that it did not pay a total of $35,000 by the deadline."

{¶7} A magistrate of the trial court denied GAI's motion, stating, in pertinent part:

There is scant precedent for an injunction to enjoin the entering of a judgment on a cognovit [note] as a cognovit note, by its definition, waives the maker's right to trial, hearing, and notice and allows any attorney to confess judgment against the maker. [Ms. Petruzzi] argues that cognovit judgments are not subject to injunctive relief and [cognovit notes] are essentially self-executing so to grant injunctive relief would undermine the entire body of Ohio jurisprudence relating to the enforcement of cognovit judgment. *The undersigned agrees and finds absent complete and total compliance with the payment terms of [the] [c]ognovit [n]ote, [GAI] has no legal remedy to stop enforcement of the note.*

(Internal citation omitted.) (Emphasis added.) Importantly, the trial court journalized a judgment entry on March 27, 2020, adopting the magistrate's decision and awarding judgment in favor of Ms. Petruzzi in the amount of $15,000.02 plus interest at 18% per annum calculated from August 24, 2018 until collected, attorney's fees and expenses totaling $6,146.75, and all costs of bringing the collection action.

### Civ.R. 60(B) Motion and Judgment Entry

{¶8} On April 30, 2020, GAI filed a Civ.R. 60(B) motion to vacate the March 27, 2020 judgment entry, again arguing the last payment to Ms. Petruzzi was accidentally reduced by $0.02, and that Ms. Petruzzi failed to contact GAI to inform it of this deficit until after the final deadline had passed. GAI also explained its attempts to contact Ms. Petruzzi's counsel regarding the $0.02 deficiency went unanswered. GAI offered "substantial performance" as its meritorious defense for not being in "breach" or "default" on the cognovit note. GAI stated, "[t]his slight inadvertence does not destroy the value or purpose of the [cognovit note]." In making this argument, GAI relied upon traditional contract jurisprudence that, "no breach of contract generally occurs if a party has substantially complied with the contract terms." GAI proposed, even if it *had* breached or defaulted on the cognovit note, the breach or default "was the result of mistake, inadvertence, surprise, or excusable neglect, any of which amounts to good cause for a court to relieve a party from a final judgment."

{¶9}   Ms. Petruzzi opposed GAI's Civ.R. 60(B) motion arguing GAI has no meritorious defense for defaulting on the cognovit note because no legal authority exists to apply the contractual concept of substantial performance to cognovit notes.  Further, Ms. Petruzzi argued the terms of the settlement agreement and cognovit note are clear and unambiguous and there is no provision in the note allowing for a "slight" or "nominal" breach due to "mistake, inadvertence, surprise, or excusable neglect."  Ms. Petruzzi also denied any legal or contractual duty to inform GAI of its "underpayment."

{¶10}   On December 13, 2020,  the trial court vacated its March 27, 2020 judgment entry explaining, "the $.02 deficiency in the final payment was an oversight[,] especially considering [Ms. Petruzzi] received $5,333.33 at least a month before it was due."  Further, the trial court noted that GAI was not made aware of the error "until February 19, 2019, twenty days after the alleged default and some seven-plus weeks after the final payment had been made[,]" and that Ms. Petruzzi's counsel did not respond to GAI's efforts to resolve the issue. In spite of its ruling, the trial court acknowledged Ms. Petruzzi and GAI "negotiated" the terms of the settlement agreement and that the "settlement terms and the note signed by the parties indicated that if [GAI] did not timely pay the full amount, the debt was to increase to $50,000, less all previous payments, plus interest and attorney fees."  Notably, the trial court did not address the meritorious defense of partial performance or substantial compliance, and instead focused upon GAI's "mistake" in calculating the last payment to Ms. Petruzzi.

{¶11} Ms. Petruzzi now appeals raising one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING [GAI'S] MOTION FOR RELIEF FROM JUDGMENT TAKEN ON COGNOVIT INSTRUMENT[].**

{¶12} In her sole assignment of error, Ms. Petruzzi argues the trial court erred in granting GAI's Civ.R. 60(B) motion for relief from judgment on the cognovit note. For the reasons that follow, this Court agrees.

{¶13} "A cognovit promissory note is a special type of commercial paper by which a debtor authorizes a creditor, in the event of the debtor's default on his payment obligation, to obtain an *immediate judgment* against him without prior notice or an opportunity to be heard." (Emphasis added.) *Sutton Bank v. Progressive Polymers, L.L.C.*, 161 Ohio St.3d 387, 2020-Ohio-5101, ¶ 12, citing *D.H. Overmyer Co., Inc. v. Frick Co.*, 405 U.S. 174, 176 (1972). "[T]he purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of a trial." *Sutton Bank* at ¶ 12, quoting *Sky Bank v. Colley*, 10th Dist. Franklin No. 07AP-751, 2008-Ohio-1217, ¶ 7. "By signing a cognovit note, a debtor relinquishes the possibility of notice, hearing or appearance at an action to collect in the event of non-repayment. * * * To accomplish this, cognovit notes are accompanied by a warrant of attorney by which the debtor provides for the waiver of the prejudgment notice and hearing requirements." *Praetorium Secured Fund I, L.P. v. Keehan Tennessee Invests., L.L.C.*, 9th Dist. Lorain No. 15CA010757, 2016-Ohio-8391, ¶ 9. Thus, "[a] cognovit note effectively eliminates the debtor's opportunity to be heard before judgment is rendered[,]" which is one reason cognovit notes are generally disfavored. *Cook Family Invests. v. Billings*, 9th Dist. Lorain No. 07CA009281, 2009-Ohio-73, ¶ 8; *see also Sutton Bank v. Progressive Polymers, LLC*, 11th

Dist. Portage Nos. 2018-P-0079, 2019-P-0001, 2019-Ohio-3239, ¶ 9, reversed by *Sutton Bank, supra*.

{¶14} A debtor, however, may pursue redress by filing a Civ.R. 60(B) motion, if the debtor disputes a cognovit judgment entered against it. *See Praetorium Secured Fund I, L.P. v. Keehan Tennessee Invests., L.L.C.*, 9th Dist. Lorain No. 15CA010757, 2016-Ohio-8391, ¶ 9. Ordinarily, "[t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" *Stojkoski v. Main 271 South, LLC*, 9th Dist. Summit No. 25407, 2011-Ohio-2117, ¶ 5, quoting *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. However, "[t]he test outlined in *GTE Automatic Elec., Inc.* [] has been modified where a debtor challenges a cognovit judgment." *Praetorium Secured Fund I, L.P.* at ¶ 10, citing *Huntington Natl. Bank v. Royal Mt. Sterling Corp.*, 10th Dist. Franklin No. 12AP–174, 2012-Ohio-4514, ¶ 13; *Lewandowski v. Donohue Intelligraphics, Inc.*, 93 Ohio App.3d 430, 433 (9th Dist.1994). "A Civ.R. 60(B) movant that challenges a cognovit judgment need only satisfy the first and third prongs of *GTE*, i.e., *the movant need only allege a meritorious defense and file a timely motion*." (Emphasis added.) *Praetorium Secured Fund I, L.P.* at ¶ 10, *Huntington* at ¶ 13.

{¶15} As such, a cognovit judgment debtor seeking redress need not allege: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a

prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." Civ.R. 60(B). Instead, a cognovit judgment debtor must only allege a meritorious or valid defense to the cognovit judgment and file a timely Civ.R. 60(B) motion.

{¶16} Indeed, "[d]efenses available to a cognovit judgment debtor seeking Civ.R. 60(B) relief include non-default; 'improper conduct in obtaining the debtor's signature on the note; deviation from proper procedures in confessing judgment on the note; and miscalculation of the amount remaining due on the note at the time of confession of judgment.[1]'" *Praetorium Secured Fund I, L.P.*, at ¶ 12, quoting *First Natl. Bank of Pandora v. Freed*, 3d Dist. Hancock No. 5-03-36, 2004-Ohio-3554, ¶ 9. Therefore, for a cognovit judgment:

> a meritorious defense is one that goes to the *integrity and validity* of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note. A judgment on a cognovit note will generally not be vacated for reasons which do not encompass such matters of integrity and validity.

(Emphasis added.) *Freed* at ¶ 10. Additionally, a cognovit debtor's argument regarding partial payment only constitutes a meritorious defense if the debtor has not been credited by the secured party or the trial court for payments already made on the cognovit note. *See Saponari v. Century Limousine Service, Inc.*, 8th Dist. Cuyahoga No. 83018, 2003-Ohio-6501, ¶ 20. ("In this matter, as noted previously, Century Limousine asserted that it had made some payments

---

[1] "[M]eritorious defense that the amount of the obligation remaining on the cognovit note had been materially miscalculated *by the secured party and the trial court*." (Emphasis added.) *First Natl. Bank of Pandora* at footnote 3; *see also Lewandowski v. Donohue Intelligraphics, Inc.*, 93 Ohio App. 3d 430 (9th Dist.1994) (the *secured party* miscalculated the amount of the outstanding balance owed on notes which entitled debtor to relief from cognovit judgment). (Emphasis added.)

which were *not credited* by Saponari. Partial payment is a meritorious defense to judgment on a cognovit note[.]") (Emphasis added.) *See also Lewandowski* at 433 ("Although the guarantee provided that defendant's obligation was to be reduced by 'any and all principal amounts paid under or set off against such Promissory Notes,' the method used by plaintiff to calculate his demand afforded defendant credit for only 52.048 cents of each dollar paid on those notes. Accordingly, it appears that defendant had a meritorious defense to present to plaintiff's claim against it.")

{¶17} It is undisputed that GAI's Civ.R. 60(B) motion was filed in a timely manner. As such, the only remaining issue for this Court's consideration is whether GAI alleged a meritorious defense. GAI, in its Civ.R. 60(B) motion, alleged substantial performance, a defense used in general contract law, as its meritorious defense and also continued arguing it mistakenly failed to timely pay the full balance due on the note by the de minimus amount of $0.02. GAI's argument, however, is misplaced because substantial performance on the payment of the cognovit note does not go to the *integrity and validity* of the creation of the note or debt, and therefore is not a proper meritorious defense. Notably, Ms. Petruzzi did not fail to credit GAI for payments already made, nor did she overcharge GAI for payments *already made* on the note. Moreover, this is not a situation where the trial court miscalculated the amount remaining due on the note. Instead, Ms. Petruzzi rightfully sought recovery of the $0.02 deficit on the $34,999.98 already paid, plus an additional $15,000.00, attorney fees and costs, in accordance with the unambiguous default provision in the note for failing to timely pay the full amount due and owing.

{¶18} The trial court, however, vacated the cognovit judgment based upon GAI's own "mistake" in paying off the note. As such, the trial court did not vacate the judgment, pursuant

to Ohio law, based upon a meritorious defense available to a *cognovit judgment debtor*. The record reveals that GAI did not timely pay the full $35,000.00, as per the clear terms of the cognovit note, and GAI did not contest the *integrity and validity* of the creation of the note or debt as a reason to vacate the cognovit judgment. GAI is therefore subject to the unambiguous default provision in the note which it negotiated, while represented by counsel, in its settlement with Ms. Petruzzi. The law governing cognovit notes is rigid, but clear and well-settled. While the amount GAI failed to pay Ms. Petruzzi was only $0.02, the amount by which GAI defaulted is not relevant under the applicable law governing cognovit notes. Thus, for the reasons articulated above, the trial court erred in vacating its March 27, 2020 judgment entry in favor of Ms. Petruzzi based upon GAI's mistake, although minor, in calculating the payoff amount of the cognovit note.

{¶19} Accordingly, Ms. Petruzzi's sole assignment of error is sustained.

III.

{¶20} For the reasons stated above, Ms. Petruzzi's sole assignment of error is sustained. The Judgment of the Summit County Court of Common Pleas is reversed and the matter is remanded for the trial court to reinstate its March 27, 2020 judgment entry in favor of Ms. Petruzzi.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETTY SUTTON
FOR THE COURT

TEODOSIO, J.
<u>CONCURRING.</u>

{¶21} I concur in the majority opinion but write separately in order to stress that cognovit judgments deprive a debtor of notice and an opportunity to be heard prior to their entry and are generally disfavored in the law. *Lykins Oil Co. v. Pritchard*, 1st Dist. Hamilton No. C-050982, 2006-Ohio-5262, ¶ 1; *Henry Cty. Bank v. Stimmels, Inc.*, 3d Dist. Henry No. 7-12-19, 2013-Ohio-1607, ¶ 8; *Gerold v. Bush*, 6th Dist. Erie No. E-07-013, 2007-Ohio-5885, ¶ 13; *Baker Motors, Inc. v. Baker Motors Towing, Inc.*, 8th Dist. Cuyahoga No. 92049, 2009-Ohio-3294, ¶ 17; *Sutton Bank v. Progressive Polymers, LLC*, 11th Dist. Portage Nos. 2018-P-0079 and 2019-P-0001, 2019-Ohio-3239, ¶ 9; *Fifth Third Bank v. Woeste Bros. Properties, Ltd.*, 12th

Dist. Butler No. CA2010-06-145, 2010-Ohio-5807, ¶ 10. The normal safeguards and defenses that may have been available in a non-cognovit litigation were not available in this matter, and the outcome is a consequence of those limitations.

CARR, P. J.
DISSENTING.

{¶22} I respectfully dissent as I would affirm the trial court's judgment on the basis that GAI satisfied the terms of the note.

{¶23} A trial court's ruling on a Civ.R. 60(B) motion pertaining to a cognovit judgment is reviewed for an abuse of discretion. *See Cook Family Invests. v. Billings*, 9th Dist. Lorain No. 07CA009281, 2009-Ohio-73, ¶ 6. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶24} "While legal, cognovit notes are generally disfavored because they deprive a debtor of notice and the opportunity to answer the complaint prior to the entry of judgment on the note." *Fifth Third Bank v. Woeste Bros. Properties, Ltd.*, 12th Dist. Butler No. CA2010-06-145, 2010-Ohio-5807, ¶ 10. Here, the cognovit note was part of a settlement agreement aimed at ending a longstanding dispute between the parties. The instant controversy stems from a discrepancy of two cents. While GAI took the agreed upon action to satisfy its obligation to Ms. Petruzzi, it inadvertently paid her $34,999.98 instead of $35,000.00. GAI was not made aware of the discrepancy during the timeframe within which it could have corrected the inconsequential clerical error. It is well-settled that "payment is a meritorious defense in support of a motion for relief from judgment on a cognovit note." *Saponari v. Century Limousine Serv., Inc.*, 8th Dist. Cuyahoga No. 83018, 2003-Ohio-6501, ¶ 18. Given these facts, I would simply hold that GAI complied with the terms of the note by making the stipulated

payments. I would not construe an accounting error amounting to a paltry two cents as default on the note. GAI fully honored the settlement agreement for all intents and purposes. Under these circumstances, I cannot say that the trial court's decision to grant relief from the cognovit judgment was unreasonable, arbitrary, or unconscionable.

APPEARANCES:

GARY W. JOHNSON and MATTHEW C. MILLER, Attorneys at Law, for Appellant.

GEORGE V. PILAT and RYAN J. BOCKMULLER, Attorneys at Law, for Appellee.